ELIZABETH FOX MAUSER v. HAROLD GLENN MAUSER

No. 8425DC785

(Filed 4 June 1985)

1. **Divorce and Alimony § 30— equitable distribution—conversion of assets after separation—whether marital or separate property**

Whether a promissory note and new stock acquired by the husband after the separation of the parties in exchange for stock and funds from the sale of stock apparently acquired by the husband during the marriage in his name

alone constituted separate or marital property depended not on whether they were acquired after the date of separation but whether the source of assets used for their purchase constituted marital assets.

**2. Divorce and Alimony § 30— equitable distribution—time of valuation of marital property**

When a divorce is granted on the ground of separation for one year, marital property is to be valued as of the date of separation. G.S. 50-21(b).

**3. Divorce and Alimony § 30— equitable distribution—conversion of stock after separation—relevancy of evidence**

The trial court erred in refusing to consider evidence concerning the husband's conversion of stock after the separation of the parties since the stock should have been included as part of the marital estate subject to distribution if the converted stock was marital property, and since, even if the converted stock or any portion thereof was separate property, the value thereof was a factor to be considered by the trial court in determining what is an equitable division of the marital estate. G.S. 50-20(c)(1) and (2).

APPEAL by plaintiff from *Vernon, Judge.* Judgment entered 7 June 1984 in District Court, CATAWBA County. Heard in the Court of Appeals 14 March 1985.

*Sherwood J. Carter for plaintiff appellant.*

*Rudisill & Brackett, P.A., by J. Steven Brackett, for defendant appellee.*

BECTON, Judge.

I

This appeal concerns an equal equitable distribution of marital property. On 6 July 1983, plaintiff wife filed her Complaint seeking a divorce based on a year's separation, and an equitable distribution of the marital property. Defendant husband filed an Answer and Counterclaim, likewise seeking a divorce and an equitable distribution. The case was tried without a jury.

At trial, the court sustained numerous objections to a line of questioning by the wife's counsel to defendant husband concerning the disposition of some shares of stock he owned at the time the parties separated on 12 June 1982. The husband testified that at the time the parties separated, he owned 27,300 shares of stock, 25,000 of which were in Conover Plastics, Inc., a closely-held corporation in which the husband's father-in-law was the majority shareholder; the remaining 2,300 shares were held in

various other corporations. The husband testified that before either party became eligible to sue for divorce, he sold 24,000 shares of stock in Conover Plastics, Inc. to his mother, taking as consideration her promissory note, on which payment was deferred for a year. He testified that although he sold the Conover Plastics stock to his mother for $1.00 per share, he estimated that as of the date of the parties' separation, the value of the remaining 1,000 shares of Conover Plastics stock was $5.00 per share. He also testified that he sold the balance of the 27,300 shares of assorted stock, and used the proceeds of over $21,000 to furnish the bulk of the approximately $24,000 purchase price of 2,000 shares of Detroit-Edison stock.

In its order, the trial court granted the parties an absolute divorce, and made an equal division of the marital property. The trial court listed, *inter alia,* the 1,000 shares of Conover Plastics, Inc. stock as marital property, and ordered the husband to transfer an ownership interest in 500 shares to his wife. The judgment does not refer to the promissory note or the Detroit-Edison stock.

The wife appeals, presenting a single issue for our review, namely, whether the trial court's failure to consider evidence that her husband converted marital property during their separation but before the filing of the Complaint constituted reversible error. For the reasons stated below, we find error, and reverse.

## II

[1] This case is governed by North Carolina's Equitable Distribution Act (the Act). N.C. Gen. Stat. Secs. 50-20 and -21 (1984). The threshold requirement of the Act is identifying "marital property," which is done by classifying property as either marital or separate, in accordance with the statutory definitions. *McLeod v. McLeod,* 74 N.C. App. 144, 327 S.E. 2d 910 (1985); *Alexander v. Alexander,* 68 N.C. App. 548, 315 S.E. 2d 772 (1984).

In the instant case, the trial court refused to consider evidence relating to the sale of certain stock which was apparently acquired during the marriage and, at the time the parties separated, was titled in the husband's name alone. This refusal was presumably based upon the theory that since the original

stock was converted after the date on which the parties separated, neither the promissory note nor the newly-acquired stock could fit the statutory definition of marital property, which speaks of property acquired "during the course of the marriage and before the date of the separation of the parties, and presently owned. . . ." G.S. Sec. 50-20(b)(1) (1984). Put otherwise, the trial court seemed to reason that regardless of whether, before the sale, the stock constituted marital property, once the stock was converted, any property thereby obtained became the husband's sole and separate property, and any evidence relating to the conversion was irrelevant and hence inadmissible.

The trial court's evidentiary rulings were wrong and were apparently based on a faulty premise. Whether the promissory note and Detroit-Edison stock were separate property depended not on whether they were acquired after the date of separation, but whether the source of funds for their purchase was marital funds. In interpreting its Equitable Distribution Act, North Carolina has adopted the source of funds rule to determine whether and to what extent an asset is part of the marital estate, a rule recognizing the "dual nature of property that has been acquired with both marital and separate assets." *Wade v. Wade*, 72 N.C. App. 372, 381, 325 S.E. 2d 260, 269 (1985). *Accord McLeod v. McLeod.*

It has been further held that even when property is converted after the date of separation, as in the instant case, the source of funds rule continues to apply, and the dispositive question in determining if an asset is a marital asset remains whether the source of funds therefor were marital funds. *Phillips v. Phillips*, 73 N.C. App. 68, 326 S.E. 2d 57 (1985). The *Phillips* Court concluded there was no error in allowing the wife to testify that after the separation, her husband gave her funds to purchase a condominium:

> Simply because the transaction occurred after the parties' separation does not mean that the condominium is not marital property. If the funds [husband] gave [wife] were marital funds, then their exchange for other property after separation does not convert them into separate property.

*Id.* at 75, 326 S.E. 2d at 61.

In short, conversion of property between the date of separation and the date of divorce simply has no effect on its character as either marital or separate. A contrary result would only create an incentive for a spouse to convert marital assets titled in his or her name as soon as the parties separated, thereby undermining the very raison d'etre of the Act—to alleviate the inequities caused by the title theory approach to the distribution of marital property. *See White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). *Accord Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33 (1985) (Act's equitable purpose reflects trend toward recognition of marriage as equal partnership).

We observe that the availability of injunctive relief has no bearing on our result. The current version of G.S. Sec. 50-20(i) (1984), which allows a party to seek injunctive relief "to prevent the disappearance, waste or conversion of property alleged to be marital property" before the filing of an action for divorce, was not in effect at the time the parties separated. In the version in effect at that time, injunctive relief was not available until an action for divorce had been commenced, *see* G.S. Sec. 50-20(i) and (k) (Supp. 1981), plainly too late to protect the wife. Furthermore, even the increased availability of injunctive relief does not guarantee that a party will be successful in procuring an injunction. *See Duke Power Co. v. City of High Point*, 69 N.C. App. 335, 317 S.E. 2d 699 (1984) (to obtain injunction, injury must be actually threatened and practically certain, not anticipated and merely probable). Nor does it protect the spouse whose partner manages to convert marital assets before injunctive relief is applied for.

Applying the foregoing to the facts at hand, we find that the trial court never considered whether the original 27,300 shares of stock were financed from the marital estate or from the separate estate of either party. A resolution of this question was essential to ensure that a complete and accurate listing of the marital property was made. *See Little v. Little*, 74 N.C. App. 12, 327 S.E. 2d 283 (1985) (order that fails to make complete listing of marital property fatally defective).

We cannot, however, conclusively determine from the record before us whether the original stock constituted marital property, although it appears that it did. The husband testified that at least some of the original stock was purchased with his wage earnings,

and there is no indication that the separate assets of either party funded any of the original purchase price. Upon remand, the trial court is to determine from the complete record whether the original 27,300 shares of stock were marital property, and if so, value and distribute them pursuant to the Act. *See Loeb v. Loeb* (party claiming asset is separate property must prove same by clear, cogent and convincing evidence). Should the trial court determine that the stock was funded through both marital and separate property, we direct its attention to the recently decided cases of *McLeod v. McLeod* and *Phillips v. Phillips*, both of which discuss the classification of corporate stock as part marital and part separate property.

[2] Finally, as the evidence indicates that the husband transferred the 24,000 shares of Conover Plastic, Inc. stock to his mother for substantially less than their fair market value, we point out that when a divorce is granted on the grounds of one year's separation, marital property is to be valued as of the date of separation. G.S. Sec. 50-21(b) (1984).

### III

[3] In conclusion, we hold that the trial court erred in refusing to consider evidence concerning the husband's conversion of property after the parties' separation. The ruling was error regardless of whether the property was originally obtained with marital or separate funds. It was error if the converted shares of stock were marital property, as the stock should have been included as part of the marital estate subject to distribution. The ruling was also error if the converted stock, or any portion thereof, was separate property, as the value of a spouse's separate estate is a factor properly considered by the trial court in determining what is an equitable division of the marital estate. *See* G.S. Sec. 50-20(c)(1) and (12). The judgment entered is therefore reversed, and the cause remanded for entry of a new order not inconsistent with this opinion.

Reversed and remanded.

Judges WEBB and PARKER concur.