JEANNETTE M. CORNELIUS v. WILLIAM EARL CORNELIUS

No. 8723DC146

(Filed 6 October 1987)

**1. Rules of Civil Procedure § 13; Divorce and Alimony § 30— equitable distribution—reply did not constitute counterclaim—no answer required**

The trial court did not err in an equitable distribution action by admitting testimony concerning whether certain property acquired during the marriage was separate property or marital property where plaintiff's complaint generally listed items considered to be marital property; defendant's answer and counterclaim referred to all household goods, all monies, and all stocks, bonds and retirement accounts; and plaintiff did not reply to the counterclaim. Defendant's response was virtually identical to plaintiff's claim for equitable distribution and did not constitute a counterclaim which demanded a reply.

**2. Divorce and Alimony § 30— equitable distribution—oral agreement between the parties**

The trial court erred in an equitable distribution proceeding by failing to note specifically, consider and distribute savings accounts and stock owned by the parties where the record did not reflect compliance with the standards articulated by *McIntosh v. McIntosh*, 74 N.C. App. 554, regarding oral agreements.

APPEAL by defendant from *Gregory, Judge*. Judgment entered 20 October 1986 in District Court, YADKIN County. Heard in the Court of Appeals 2 September 1987.

Plaintiff, on 21 July 1986, filed her complaint seeking an absolute divorce based on one year's separation and seeking equitable distribution. Defendant's response, styled as an answer and counterclaim, also sought an absolute divorce based on one year's separation and equitable distribution. No further pleadings were filed. Prior to the trial for equitable distribution, the parties received an absolute divorce.

On 2 October 1986 the claims for equitable distribution came on to be heard. Testimony could not be completed in a single day and the trial was continued to 20 October 1986. Before testimony resumed on 20 October 1986 the parties entered into an oral stipulation. Based upon the oral stipulation the trial court entered an order dividing the marital property. From that order defendant appeals.

*Carl F. Parrish for plaintiff-appellee.*

*Walter Lee Zachary, Jr., for defendant-appellant.*

EAGLES, Judge.

Defendant presents five assignments of error. Because we agree with the second assignment of error, we vacate the judgment and remand the case for further proceedings.

[1] Defendant first assigns as error the trial court's admission of testimony concerning whether certain property acquired during the marriage was separate property or marital property. Defendant argues that plaintiff's failure to reply to allegations listed in a counterclaim constituted a judicial admission conclusively establishing those allegations as fact. We disagree.

Defendant's counterclaim for equitable distribution is virtually identical to plaintiff's claim for equitable distribution. The only significant difference in the two claims, and the basis of this issue on appeal, is that defendant's counterclaim alleges ". . . *all* household furnishings contained in said homeplace, *all* monies located in various checking and savings accounts; *all* stocks and bonds and retirement accounts . . ." (emphasis added), rather than generally listing items considered to be marital property as plaintiff's complaint alleged.

The Rules of Civil Procedure provide that allegations in a pleading are deemed admitted where a responsive pleading is required and not made. G.S. 1A-1, Rule 8(d); *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 181 S.E. 2d 794 (1971). On the other hand, where the answer requires no reply, any allegations in the answer are deemed denied. *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977).

The question, then, becomes whether defendant's allegations constitute a counterclaim demanding a reply. Defendant's claim contends that *all* the property listed is marital property. Though denominated a counterclaim, defendant's allegations, in effect, do no more than deny plaintiff's allegations that only the property listed in the complaint is marital property. Consequently, a reply is not required. *Trust Co. v. Morgan-Schultheiss*, 33 N.C. App. 406, 235 S.E. 2d 693, *disc. rev. denied*, 293 N.C. 258, 237 S.E. 2d 535, *cert. denied*, 439 U.S. 934 (1977). *See also Eubanks v. Insur-*

*ance Co.*, 44 N.C. App. 224, 261 S.E. 2d 28 (1979) (allegations designated as counterclaim constituted an affirmative defense and a reply was not required).

To find that the mere inclusion of the word "all" three times in the answer and counterclaim mandates a reply on the part of plaintiff smacks of hyper-technicality. Our determination is consistent with the goal that notice pleading eliminate the formalism seen in pleading prior to the introduction of the Rules of Civil Procedure. W. Shuford, North Carolina Civil Practice & Procedure (2nd Ed. 1981) Section 7-3. Accordingly, we overrule defendant's first assignment of error.

[2] Defendant next assigns as error the failure of the trial judge specifically to consider and distribute savings accounts and stock owned by the parties at separation and, generally, the division of the marital property. For the reasons set forth below, we agree.

The initial obligation of the trial court in any equitable distribution action is to identify the marital property in accordance with G.S. 50-20 and the appropriate case law. *Mauser v. Mauser,* 75 N.C. App. 115, 330 S.E. 2d 63 (1985). The trial court's order here failed to list or determine the status of the following significant items of property: Two bank accounts in plaintiff's name in the amounts of $203.28 and $184.59, respectively; plaintiff's RJR Employees' Savings and Investment Plan; plaintiff's RJR Stock Purchase Plan; and plaintiff's RJR Nabisco Stock Bonus Plan. A distribution order failing to list all the marital property is fatally defective, *Little v. Little,* 74 N.C. App. 12, 327 S.E. 2d 283 (1985), and, further, marital property may not be identified by implication. *Id.*

The trial court must also order the division and distribution of all the marital property. *White v. White,* 312 N.C. 770, 324 S.E. 2d 829 (1985). The division and distribution of marital property need not lie solely within the province of the trial court. The parties themselves may determine the distribution of the marital property through written agreement, G.S. 50-20(d); *Case v. Case,* 73 N.C. App. 76, 325 S.E. 2d 661, *disc. rev. denied,* 313 N.C. 597, 330 S.E. 2d 606 (1985), or by oral agreement, *McIntosh v. McIntosh,* 74 N.C. App. 554, 328 S.E. 2d 600 (1985). In the trial below the parties made an oral agreement as to the division of the ma-

jority of their marital property but neglected to guard against subsequent misunderstandings of their oral stipulation.

The *McIntosh* court prescribed certain procedures for the trial court in the event that oral stipulations were entered into between the parties. There Judge Johnson said:

> [I]t must affirmatively appear in the record that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into. It should appear that the court read the terms of the stipulations to the parties; that the parties understood the legal effects of their agreement and the terms of the agreement, and agreed to abide by those terms of their own free will.

*McIntosh* at 556, 328 S.E. 2d at 602. These rules were articulated, not to discourage oral stipulations, but rather to fully protect the rights of the parties. *Id.* The record here does not reflect compliance with the standards prescribed by *McIntosh* regarding the parties' oral stipulation. Accordingly, we sustain defendant's second assignment of error.

Our disposition of the second assignment of error makes it unnecessary to address defendant's other assignments of error. The judgment of the trial court is vacated and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges WELLS and MARTIN concur.