JAMES J. COLLINS, JR., PLAINTIFF v. VICKI L. COLLINS, DEFENDANT

No. COA96-318

(Filed 7 January 1997)

**1. Divorce and Separation § 144 (NCI4th)— equitable distribution—residence—contributions of separate property—distributional factor**

It was not error for the trial court to consider as a distributional factor the contributions the plaintiff husband made of his separate property to the acquisition of the residence titled in the entireties which was, consistent with *McLean v. McLean*, 323 N.C. 543, 374 S.E.2d 376 (1988), classified as marital.

**Am Jur 2d, Divorce and Separation §§ 887, 890, 920.**

**Divorce: excessiveness or adequacy of trial court's property award—modern cases. 56 ALR4th 12.**

**2. Divorce and Separation § 145 (NCI4th)— equitable distribution—consideration of evidence—health—income—error**

The trial court erred in an equitable distribution case by failing to consider evidence that plaintiff husband was in good health and that the defendant wife was not in good health and that the

plaintiff was employed and the defendant was not employed. The health and incomes of the parties are factors that must be considered, when evidence is presented, by the trial court in making a distribution of the marital property. N.C.G.S. § 50-20(c)(1); N.C.G.S. § 50-20(c)(3).

**Am Jur 2d, Divorce and Separation §§ 917, 918.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

Appeal by defendant from order and judgment entered 1 November 1994 and order and judgment entered 24 May 1995 in Guilford County District Court by Judge Charles L. White. Heard in the Court of Appeals 3 December 1996.

*Barbara R. Morgenstern for plaintiff-appellee.*

*Smith, Follin & James, L.L.P., by Norman B. Smith, for defendant-appellant.*

GREENE, Judge.

Vicki Collins (defendant) appeals equitable distribution judgments entered 1 November 1994 and 24 May 1995.[1]

In its judgments the trial court found as a fact that the marital residence (residence) of the defendant and James J. Collins, Jr. (plaintiff) was acquired during the marriage and titled in the entireties. The trial court then found that the titling of the residence in the entireties gave "rise to the marital gift presumption" and that the plaintiff had failed to rebut the presumption by clear and convincing evidence. After classifying the residence as marital property the trial court entered the following pertinent finding of fact:

---

1 We note that the defendant did not appeal the 1 November 1994 judgment (which disposed of some of the marital property) until after entry of the 24 May 1995 judgment. Although the appeal of the 1 November 1994 judgment occurred more than thirty days after its entry, N.C. R. App. P. 3(c) (1997) (appeal must be taken within 30 days after entry), it is nonetheless timely because the 1 November judgment was entered over the objection of the defendant, N.C. R. App. P. 10(b)(1) (party may preserve a question for appellate review by objecting to action of trial court); N.C.G.S. § 1-277(b) (1996) (party may immediately appeal or "may preserve his exception for determination upon any subsequent appeal"), and the notice of appeal which was given after the 24 May judgment designated an appeal from both the 1 November and the 24 May judgments. N.C. R. App. P. 3(d) (notice of appeal must designate the judgment or order from which appeal is taken).

COLLINS v. COLLINS

[125 N.C. App. 113 (1997)]

18. The parties presented evidence on numerous contentions for an unequal division. After giving due regard to the contentions of the parties and all the factors set forth in G.S. § 50-20(c), an equal division of the marital property would be inequitable based on the following factors (G.S. § 50-20(c)(6), (11a) and (12)):

(a) The plaintiff contributed approximately $34,000.00 to his deferred compensation plan during the marriage from income which was earned prior to the marriage but deferred. These funds were his separate property, and were spent during the marriage for the support of the family.

(b) The plaintiff used his separate funds to make the downpayment on the . . . residence of $20,000.00, and he expended in excess of $77,000.00 of his separate funds to complete the residence . . . .

(c) The plaintiff is assuming responsibility for repaying the equity line obtained by the defendant against the . . . residence which, at the date of trial, had a balance of $14,963.65. The plaintiff should be awarded credit for one-half the repayment of this marital debt because not all of these funds were used for marital purposes.

(d) The Court does not find the failure of the plaintiff to return [defendant's] property to be willful and will not find him to be in contempt of court, but finds that the defendant is entitled to a credit of $4,500.00 for the damage done to certain of her personalty and for the loss of use of the property since the expiration of the 50B order.

The trial court then distributed a portion of the marital property, including the residence, to the plaintiff. The total net value of that distribution was $122,658.60. The remaining marital property was distributed to the defendant and had a value of $56,317.92.

Other relevant evidence in the record shows that plaintiff is in excellent health and defendant has been diagnosed and was being treated for clinical depression which prevented her from working. The plaintiff is employed but the record is silent on the amount of his income, although there is evidence that he had received a bonus in August 1992 for $25,000.00, and another that was deferred from 1991 for approximately $52,000.00.

COLLINS v. COLLINS

[125 N.C. App. 113 (1997)]

The issues are whether (I) a spouse's contribution of his separate property to acquire property titled in the entireties, and classified as marital, qualifies as a distributional factor under N.C. Gen. Stat. § 50-20(c) (1995); and (II) the trial court erred in making an unequal division of marital property without making specific findings with respect to the relative status of the parties health and incomes.

I

[1] The defendant argues that our statutes and case law do not permit a trial court to use the contributions of separate property by a spouse as a distributional factor under section 50-20(c) if those contributions are used to acquire assets classified, pursuant to *McLean v. McLean*, 323 N.C. 543, 555, 374 S.E.2d 376, 383 (1988), as marital property. We disagree.

It is well accepted that separate property which is either given to the marital estate or "which *trans mutes* [sic] *by implied gift* into marital property" (as occurs under *McLean*), is a division factor which may justify an unequal division of the marital property. Brett R. Turner, *Equitable Distribution of Property* § 8:05 (2d ed. 1994); *see Wood v. Wood*, 403 S.E.2d 761, 770 (W. Va. 1991); *Rando-Quillin v. Quillin*, 599 N.Y.S.2d 705, 706-07 (1993). Indeed this Court has previously held that a spouse's contribution of his separate property to the marital estate is a distributional factor under N.C. Gen. Stat. § 50-20(c)(12). *Haywood v. Haywood*, 106 N.C. App. 91, 95, 415 S.E.2d 565, 569 (1992), *rev'd in part on other grounds*, 333 N.C. 342, 425 S.E.2d 696 (1993); *Minter v. Minter*, 111 N.C. App. 321, 329-30, 432 S.E.2d 720, 726, *disc. rev. denied*, 335 N.C. 176, 438 S.E.2d 201 (1993).

The trial court, therefore, did not err in considering as a distributional factor the contributions the plaintiff made of his separate property to the acquisition of the residence which was, consistent with *McLean*, classified as marital.

II

[2] Defendant argues the trial court erred in failing to consider the relative health and earnings of the parties in making the distribution.

An "equal division of marital property is mandatory unless the trial court determines that an equal division would be inequitable."

**COLLINS v. COLLINS**

[125 N.C. App. 113 (1997)]

*Armstrong v. Armstrong*, 322 N.C. 396, 404, 368 S.E.2d 595, 599 (1988). When evidence is presented in support of any of the section 50-20(c) factors tending to show that an equal division of the marital property would be inequitable, the trial court must consider that evidence in determining an equitable division. *Armstrong*, 322 N.C. at 405, 368 S.E.2d at 600. To insure that this evidence has been considered by the trial court, there must be findings reflecting their consideration. *Armstrong*, 322 N.C. at 406, 368 S.E.2d at 600 (trial court erred in failing to enter findings that parties incomes, liabilities, and health were considered, when evidence on these matters introduced). It is not necessary that the findings "recite in detail the evidence considered" but they must include the ultimate facts considered by the trial court. *Armstrong*, 322 N.C. at 405-06, 368 S.E.2d at 600.

In this case there is evidence in the record that the plaintiff is in good health and the defendant is not in good health. There is also evidence that the plaintiff is employed and the defendant is not employed. The health and incomes of the parties are factors that must be considered, when evidence is presented, by the trial court in making a distribution of the marital property. N.C.G.S. § 50-20(c)(1); N.C.G.S. § 50-20(c)(3); *Harris v. Harris*, 84 N.C. App. 353, 359, 352 S.E.2d 869, 873 (1987). The judgments in this case do not include any findings that this evidence was considered in making the distribution and this was error. *See Chandler v. Chandler*, 108 N.C. App. 66, 73, 422 S.E.2d 587, 592 (1992). The finding that "due regard [was given] to the contentions of the parties and all the factors set forth in G.S. § 50-20(c)" is not sufficient. *Armstrong*, 322 N.C. at 406, 368 S.E.2d at 600; *Chandler*, 108 N.C. App. at 73, 422 S.E.2d at 592. This case must, therefore, be remanded to the trial court for the entry of a new equitable distribution judgment after consideration of the parties' incomes and health. The new judgment must be entered on the record before this Court and findings included revealing a consideration of the evidence relevant to the parties' incomes and health.

The defendant argues in her brief that the trial court erred in refusing to recuse himself and the trial court erred in denying her Rule 60 motion to set aside one of the equitable distribution judgments. We do not address these arguments because there has been no appeal from these orders. *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (notice of appeal must specifically identify the orders and judgments appealed from). The other arguments asserted in the defendant's brief are rejected either because

there are no assignments of error to support the argument, N.C. R. App. P. 10(a), or because they are without merit.

Affirmed in part and remanded.

Judges WYNN and MARTIN, John C., concur.