NANCY L. STONE, Plaintiff v. EDMOND SCOTT STONE, Defendant

No. COA06-648

(Filed 20 February 2007)

**1. Appeal and Error— preservation of issues—failure to include transcript—findings of fact presumed supported by competent evidence**

The trial court did not err in an equitable distribution case by its findings of fact numbered 9, 25, and 26, because defendant failed to include a transcript of the hearing in the record, and thus, the court's findings of fact are presumed to be supported by competent evidence.

**2. Divorce— equitable distribution—marital property— gifts—sufficiency of evidence**

The trial court erred in an equitable distribution case by awarding plaintiff wife a lot valued at $35,000 separate from the marital home because plaintiff had invested $20,000 of her separate funds in the marital home and plaintiff's mother had given the parties $15,000 during the marriage for improvements to the marital home, and the case is remanded for a new distributional order, because: (1) personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties is presumed to be marital property; (2) the practical effect of awarding the lot to plaintiff out-

STONE v. STONE

[181 N.C. App. 688 (2007)]

side the division of the other marital property was an unequal distribution of the marital estate; (3) the trial court expressly found that an equal distribution of the marital estate was equitable and did not find the existence of any distributional factor under N.C.G.S. § 50-20(c); and (4) the parties' marital home is titled as a tenancy by the entirety, and plaintiff's $20,000 and her mother's $15,000 totaling $35,000 toward the marital home are presumed to be gifts to the marital estate.

Judge STROUD concurring in a separate opinion.

Appeal by defendant from judgment entered 18 January 2006 by Judge John M. Britt in Edgecombe County District Court. Heard in the Court of Appeals 10 January 2007.

*W. Michael Spivey, for plaintiff-appellee.*

*Narron & Holdford, P.A., by I. Joe Ivey, for defendant-appellant.*

TYSON, Judge.

Edmond Scott Stone ("defendant") appeals from judgment entered directing a distribution of the parties' marital and divisible property. We affirm in part, reverse in part, and remand.

## I. Background

On 16 February 1991, Nancy L. Stone ("plaintiff") and defendant married. Two children were born of the marriage. On 22 June 2002, plaintiff and defendant separated. Defendant provided the primary residence for the two children and the parties shared custody of both children.

On 25 July 2002, plaintiff filed a complaint against defendant for child custody, child support, divorce from bed and board, and for equitable distribution. On 24 November 2003, the trial court entered an order, which granted the parties a divorce. On 18 January 2006, the trial court entered an order after finding an equal distribution of the marital assets was equitable. The trial court's order contained the following relevant findings: (1) an equal distribution of marital property was equitable; (2) the marital home in Macclesfield was marital property titled in tenants by the entirety; (3) Lot 1, Whispering Woods ("Lot 1"), a separate and distinct lot from the marital home, was marital property valued at $35,000.00; (4) plaintiff invested $20,000.00 of her separate funds into the purchase of the marital home; and (5)

plaintiff's mother had given the parties $15,000.00 during the course of the marriage for improvements to the marital home.

The trial court equally divided all marital property except Lot 1 valued at $35,000.00. The trial court concluded plaintiff should retain ownership of Lot 1 as compensation for her and her mother's $35,000.00 separate investments. Defendant appeals.

## II.  Issues

Defendant argues the trial court erred because: (1) no competent evidence supports findings of fact numbered 9, 25, and 26; (2) the trial court awarded plaintiff Lot 1 as compensation for her and her mother's separate $35,000.00 investment; and (3) the findings of fact and conclusions of law which distributed marital property resulted in an unequal division and distribution of marital property to plaintiff and violated N.C. Gen. Stat. § 50-20(c).

## III.  Standard of Review

In *White v. White*, our Supreme Court set forth "the proper standard of review of equitable distribution awards" as follows:

Historically our trial courts have been granted wide discretionary powers concerning domestic law cases. The legislature also clearly intended to vest trial courts with discretion in distributing marital property under N.C.G.S. 50-20, but guided always by the public policy expressed therein favoring an equal division. The legislative intent to vest our trial courts with such broad discretion is emphasized by the inclusion of the catch-all factor codified in N.C.G.S. 50-20(c)(12).

It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (internal quotations and citations omitted).

## IV.  Findings of Fact

[1] Defendant argues no competent evidence supports findings of fact numbered 9, 25, and 26, which state:

9. Plaintiff further *testified* that her Mother gave the parties $15,000.00, during the course of the marriage, to pay for improvements made to a shop located behind the marital home.

25. The only remaining marital asset which has not been distributed consists of Lot 1 Whispering Woods with a value of $35,000.00 as designated on Exhibit A (Lot (still owned)). The Plaintiff is entitled to be reimbursed for her $20,000.00 investment of separate funds in the purchase of the marital home as well as the $15,000.00 gift from her Mother used to improve the marital real property.

26. The Plaintiff is hereby awarded all right, title and ownership interest in Lot 1 Whispering Woods to compensate her for the $35,000.00 investment referenced above in paragraph 25.

(Emphasis supplied). Defendant failed to include a transcript of the hearing with the record.

When " '[t]he record does not contain [a transcript of] the oral testimony, . . . the court's findings of fact are presumed to be supported by competent evidence.' " *Davis v. Durham Mental Health/Dev. Disabilities Area Auth.*, 165 N.C. App. 100, 111, 598 S.E.2d 237, 245 (2004) (quoting *Fellows v. Fellows*, 27 N.C. App. 407, 408, 219 S.E.2d 285, 286 (1975)). Past cases have reviewed the impact of failing to include a transcript in the record on appeal. Our review of appellate arguments is "hampered . . . [when] defendants have included no transcript or narration of the evidence upon which this Court can fully review this assignment of error." *Dolbow v. Holland Industrial*, 64 N.C. App. 695, 696, 308 S.E.2d 335, 336 (1983), *disc. rev. denied*, 310 N.C. 308, 312 S.E.2d 651 (1984).

"The burden is on an appealing party to show, by presenting a full and complete record, that the record is lacking in evidence to support the [trial court's] findings of fact." *Id.* When an appellant "fail[s] to include a narration of the evidence or a transcript with the record, we presume the findings at bar are supported by competent evidence." *Davis*, 165 N.C. App. at 112, 598 S.E.2d at 245. Due to defendant's failure to include a transcript of the testimony before the trial court in the record on appeal, all findings of fact, including 9, 25, and 26, are presumed to be supported by competent evidence. *Id.* This assignment of error is overruled.

## V. Lot 1

**[2]** Defendant argues the trial court's conclusions of law numbered 4, 5, and 6, awarding plaintiff Lot 1 are not supported by findings of fact numbered 8, 9, 25, and 26. Defendant asserts plaintiff was not entitled to be reimbursed $35,000.00 allegedly paid from plaintiff and her mother's separate funds as a matter of law. We agree.

The trial court found Lot 1 to be marital property and entered the following findings of fact:

8. Plaintiff *testified* on September 20, 2004 that she paid a $20,000.00 down payment toward the purchase of the parties' marital home using her *separate funds.*

9. Plaintiff further *testified* that *her Mother gave the parties* $15,000.00, during the course of the marriage, to pay for improvements made to a shop located behind the marital home.

25. The only remaining marital asset which has not been distributed consists of Lot 1 Whispering Woods with a value of $35,000.00 as designated on Exhibit A (Lot (still owned)). The Plaintiff is entitled to be reimbursed for her $20,000.00 investment of separate funds in the purchase of the marital home as well as the $15,000.00 gift from her Mother used to improve the marital real property.

26. The Plaintiff is hereby awarded all right, title and ownership interest in Lot 1 Whispering Woods to compensate her for the $35,000.00 investment referenced above in paragraph 25.

(Emphasis supplied). The trial court entered the following conclusion of law:

6. The Plaintiff shall retain all right, title and ownership interest in Lot 1 Whispering Woods valued at $35,000.00 for the purpose of compensating Plaintiff for the separate investment of $35,000.00 by Plaintiff and her Mother toward the purchase and/or improvement of marital property.

"[A] presumption of a gift of separate property to the marital estate arises" when "a spouse uses separate funds to furnish consideration for property conveyed to the marital estate, as demonstrated by titling property as a tenancy by the entirety." *McLean v. McLean*, 323 N.C. 543, 546, 374 S.E.2d 376, 378 (1988). N.C. Gen. Stat. § 50-20(b)(2) (2005) provides that "property acquired by gift from the

other spouse during the course of the marriage shall be considered separate property" as a matter of law "if such an intention is stated in the conveyance." The contributing spouse may rebut this presumption by presenting clear, cogent, and convincing evidence that the investment was intended to remain separate property. *McLean*, 323 N.C. at 552, 374 S.E.2d at 382.

## A.  Equitable Distribution Analysis

"A trial judge is required to conduct a three-step analysis when making an equitable distribution of the marital assets." *Beightol v. Beightol*, 90 N.C. App. 58, 63, 367 S.E.2d 347, 350, *disc. rev. denied*, 323 N.C. 171, 373 S.E.2d 104 (1988). "These steps are: (1) to determine which property is marital property, (2) to calculate the net value of the property, fair market value less encumbrances, and (3) to distribute the property in an equitable manner." *Id.* (citing *Cable v. Cable*, 76 N.C. App. 134, 331 S.E.2d 765, *disc. rev. denied*, 315 N.C. 182, 337 S.E.2d 856 (1985)). "The initial obligation of the trial court in any equitable distribution action is to identify the marital property in accordance with G.S. 50-20 and the appropriate case law." *Cornelius v. Cornelius*, 87 N.C. App. 269, 271, 360 S.E.2d 703, 704 (1987) (citing *Mauser v. Mauser*, 75 N.C. App. 115, 330 S.E.2d 63 (1985) (the trial court's order failed to list or determine the status of two bank accounts)). "A distribution order failing to list all the marital property is fatally defective, and, further, marital property may not be identified by implication." *Id.* (citation omitted).

> [T]he court [is] required to identify the marital property with sufficient detail to enable an appellate court to review the decision and test the correctness of the judgment. The fact that there is evidence in the record from which sufficient findings *could* be made does not excuse the error.

*Wade v. Wade*, 72 N.C. App. 372, 376, 325 S.E.2d 260, 266 (citation omitted), *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985).

"The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review 'to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law.' " *Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)). "Although the trial court [is] not required to recite in detail the evidence considered in determining what division of the property

would be equitable, it [is] required to make findings sufficient to address the statutory factors and support the division ordered." *Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988). "When the findings and conclusions are inadequate, appellate review is effectively precluded." *Id.*

## B. Findings of Fact

The trial court entered finding of fact numbered 8 that plaintiff *testified* $20,000.00 was her separate property. Defendant failed to include a transcript with the record. As noted above, we presume this finding of fact is supported by competent evidence. *Davis*, 165 N.C. App. at 112, 598 S.E.2d at 245.

The trial court failed to classify either plaintiff's alleged separate $20,000.00 or her mother's gift of $15,000.00 as either separate or marital property. The trial court found plaintiff's mother's $15,000.00 gift was given to "the parties . . . during the course of the marriage." "[P]ersonal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties" is presumed to be marital property. N.C. Gen. Stat. § 50-20(b)(1).

The parties agree that "the trial court may not consider . . . the source of a spouse's separate property as a distributional factor." *Daetwyler v. Daetwyler*, 130 N.C. App. 246, 251, 502 S.E.2d 662, 666 (1998) (The trial court improperly considered, as a distributional factor, that the parties each received their separate interests in the tree farm from the defendant's mother.), *aff'd per curiam*, 350 N.C. 375, 514 S.E.2d 89 (1999). Nonetheless, a spouse's separate investment in the marital home may be considered by the trial court as a distributional factor to support an unequal distribution of the marital estate. *Collins v. Collins*, 125 N.C. App. 113, 116, 479 S.E.2d 240, 242, *disc. rev. denied*, 346 N.C. 277, 487 S.E.2d 542 (1997); N.C. Gen. Stat. § 50-20(c)(12).

The practical effect of awarding Lot 1 to plaintiff outside the division of the other marital property is an unequal distribution of the marital estate. The trial court expressly found that an equal distribution of the marital estate is equitable and did not find the existence of any distributional factor pursuant to N.C. Gen. Stat. § 50-20(c). The parties' marital home is titled as a tenancy by the entirety. Plaintiff's $20,000.00 and her mother's $15,000.00 gift totals $35,000.00 toward the marital home and is presumed to be gifts to the marital estate. The

STONE v. STONE

[181 N.C. App. 688 (2007)]

trial court's findings of fact are insufficient to support an unequal distribution of the marital estate.

The trial court failed to classify whether plaintiff's alleged $20,000.00 contribution from her separate funds or her mother's $15,000.00 gift to "the parties . . . during the course of marriage" were separate or marital property and failed to find or conclude whether plaintiff had rebutted the presumption that her $20,000.00 contribution and her mother's $15,000.00 gift were marital property. The trial court's findings of fact do not support the conclusion that plaintiff should be compensated "for the separate investment of $35,000.00 by Plaintiff and her Mother toward the purchase and/or improvement of marital property." Remand is necessary for a new distributional order. *See Daetwyler,* 130 N.C. App. at 251, 502 S.E.2d at 666 (remand for new distributional order when trial court considered the source of property as a separate distributional factor). That portion of the trial court's order is reversed and remanded. Because we remand for further findings and conclusions and entry of a new distributional order, it is unnecessary to address defendant's third argument.

## VI. Conclusion

In the absence of a transcript of the hearing, competent evidence is presumed to support all of the trial court's findings of fact, including 9, 25, and 26. The trial court's conclusions of law numbered 4, 5, and 6, awarding plaintiff Lot 1, are not supported by findings of fact numbered 8, 9, 25, and 26.

Gifts made to the parties during the marriage are presumed to be marital property. N.C. Gen. Stat. § 50-20(b)(1). On remand, the trial court must make additional findings of fact and conclusions of law to effect an equitable distribution, equal or unequal, of the marital property of the parties. If the trial court determines that an unequal distribution is equitable, the court must make the appropriate findings of fact regarding distributional factors pursuant to N.C. Gen. Stat. § 50-20(c). We reverse in part and remand for further proceedings consistent with this opinion.

Affirmed in Part; Reversed in Part, and Remanded.

Judge STEPHENS concurs.

Judge STROUD concurs by separate opinion.

STROUD, Judge concurring.

I concur in the result reached by the majority and further agree that the trial court's award of "Lot 1 Whispering Woods" (Lot 1) to plaintiff for the purpose of compensating her for a $35,000 separate investment into the marital home is unsupported by the findings of fact contained in the court's distributional order. This conclusion of law is reviewable *de novo. Shear v. Stevens Bldg Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). I write separately to clarify the rationale for my decision.

The trial court's distributional order contained the following relevant findings: (1) An equal distribution of martial property is equitable; (2) Lot 1 is marital property valued at $35,000; (3) The marital home in Macclesfield is marital property; (4) The marital home in Macclesfield is owned by the parties as tenants by the entirety; (5) Plaintiff invested $20,000 of her separate property to purchase the marital home; and (6) Plaintiff used a $15,000 gift from her mother to improve the marital home. The trial court did not expressly classify the $15,000 gift from plaintiff's mother as either the marital property or separate property of plaintiff. Coincidentally, the total of the sums invested by plaintiff into the marital home was $35,000, and the value of Lot 1 was also $35,000. Based upon these findings, the trial court awarded Lot 1 to plaintiff for the "purpose" of compensating her for her "separate investment." I concur with the majority that these findings are insufficient to support the award.

"[A] presumption of a gift of separate property to the marital estate arises" when "a spouse uses separate funds to furnish consideration for property conveyed to the marital estate, as demonstrated by titling property as a tenancy by the entirety." *McLean v. McLean,* 323 N.C. 543, 546, 374 S.E.2d 376, 378 (1988). The contributing spouse may rebut this presumption by presenting clear, cogent, and convincing evidence that the investment was intended to remain separate property. *McLean*, 323 N.C. at 552, 374 S.E.2d at 382. Additionally, N.C. Gen. Stat. § 50-20(b)(2) provides that "property acquired by gift from the other spouse during the course of the marriage shall be considered separate property" as a matter of law "if such an intention is stated in the conveyance."

Here, the parties' marital home is titled as a tenancy by the entirety. Therefore, plaintiff's entire $35,000 investment in the home is presumed to be a gift to the marital estate. This is true notwithstanding the trial court's failure to clearly classify plaintiff's in-

**STONE v. STONE**

[181 N.C. App. 688 (2007)]

vestment of the $15,000 gift from her mother. Because the trial court made no findings to rebut the presumption that either plaintiff's $20,000 investment or $15,000 investment was a gift to the marital estate, this property is presumed to be marital property for purposes of distribution. For this reason, the trial court's findings of fact are insufficient to support its conclusion that plaintiff is entitled to reimbursement for an investment of separate funds into the marital home.

Alternatively, a spouse's separate investment in the marital home may be considered by the trial court as a distributional factor to support an unequal distribution of the marital estate. *Collins v. Collins,* 125 N.C. App. 113, 116, 479 S.E.2d 240, 242, *disc. rev. denied,* 346 N.C. 277, 487 S.E.2d 542 (1997); N.C. Gen. Stat. § 50-20(c)(12) (2005). The practical effect of awarding Lot 1 to plaintiff outside the division of the other marital property is an unequal distribution of the marital estate.[1] However, the trial court expressly found that an equal distribution of the marital estate is equitable and did not find the existence of any distributional factor pursuant to N.C. Gen. Stat. § 50-20(c). For this reason, the trial court's findings of fact are insufficient to support an unequal distribution of the marital estate.

On remand, the trial court must make additional findings of fact and conclusions of law to effect an equitable distribution, equal or unequal, of the marital property of the parties.[2] If the trial court determines that an unequal distribution is equitable, the court must make the appropriate findings as to any distributional factors for which evidence was presented, pursuant to N.C. Gen. Stat. § 50-20(c).

For the reasons stated above, I concur.

---

1. Mathematically, the trial court's findings of fact established that plaintiff should pay defendant a distributive award of $6,475.00. Instead, the court ordered defendant to pay to plaintiff a distributive award of $11,025.00.

2. I also note that findings of fact numbers eight and nine in the trial court's distributional order are simply recitations of plaintiff's testimony. "[V]erbatim recitations of the testimony of each witness *do not* constitute *findings of fact* by the trial judge, because they do not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented." *In re Green,* 67 N.C. App. 501, 505, n.1, 313 S.E.2d 193, 195, n.1, (1984). Although findings numbers eight and nine are not legally sufficient, the content contained therein is restated in finding of fact number twenty-five, which is a legally sufficient finding pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(a). For this reason, this Court may review findings of fact eight and nine on appeal. *See Davis v. Harrah's Cherokee Casino,* 178 N.C. App. 605, ——, 632 S.E.2d 576, 580 (2006).