LUTHER VASCO HATMAKER, JR., Plaintiff,
v.
SANDRA JEWELL HATMAKER, Defendant.
No. COA07-1291
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
McLeod & Harrop, by Donald E. Harrop, Jr., for plaintiff-appellee.
Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for defendant-appellant.
MARTIN, Chief Judge.
Luther Vasco Hatmaker, Jr. ("plaintiff") and Sandra Jewell Hatmaker ("defendant") were married on 20 December 1974. One child was born to the marriage. On 11 August 2005, plaintiff filed a complaint for summary judgment divorce alleging a separation date of April 1990. Defendant filed her answer including counterclaims on 6 October 2005 denying plaintiff's alleged date of separation and alleging claims for post-separation support, alimony, and equitable distribution. In her claim for equitable distribution, defendant requested an unequal distribution of the marital property. On 20 December 2005, plaintiff filed a motion to amend his complaint alleging a new date of separation of 23 March 1989. The same day, plaintiff also filed a reply to defendant's counterclaims and motion to dismiss the counterclaims. On 11 January 2006, defendant filed an answer to plaintiff's amended complaint, denying plaintiff's new alleged date of separation.
On 2 April 2006, the parties entered into an agreement wherein they settled the claims regarding alimony, post-separation support and attorneys' fees. The parties' settlement agreement was memorialized in a "Memorandum of Judgment/Order" entered on 4 April 2006. On 13 December 2006, plaintiff filed a motion to sever his claim for divorce from the equitable distribution claim. On 2 January 2007, the trial court granted plaintiff's motion and entered a judgment granting the parties' divorce. The trial court did not find a specific date of separation, instead finding the parties had been separated for a period in excess of one year.
The matter came on for trial on 20 February 2007 on the issue of the date of separation for purposes of equitable distribution. On 7 May 2007, the trial court entered an order determining the date of the parties' separation to be 23 March 1989. The order was served on defendant through counsel on 7 June 2007, and defendant filed her notice of appeal on 13 June 2007.
The dispositive issue on appeal is whether defendant has a right to appeal from the order setting the parties' date of separation. Interlocutory orders and judgments are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citing Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). "Generally, there is no right to immediate appeal from an interlocutory order." Milton v. Thompson, 170 N.C. App. 176, 178, 611 S.E.2d 474, 476 (2005) (citing N.C. Gen. Stat. § 1A-1, Rule 54(b)).
Here, defendant contends the only issue for judicial determination in the equitable distribution claim was the date of separation, and thus the order at issue constitutes a final judgment pursuant to N.C. Gen. Stat. § 7A-27(b). Alternatively, defendant argues that if this Court considers the order at issue as interlocutory, she has an appeal of right pursuant to N.C. Gen. Stat. § 7A-27(d)(2), because the order in effect determines the parties' equitable distribution claims as the date of separation was the only triable issue to be legally determined by the trial court. However, the record contains no indication of any order or stipulation which addresses the classification of property, the value of marital property, or the distribution of marital property. All of these issues must be addressed by an equitable distribution order. See Stone v. Stone, 181 N.C. App. 688, 640 S.E.2d 826 (2007). Defendant's claim for an unequal distribution of the marital property also remains to be decided by the trial court. Accordingly, the trial court's order setting the date of separation of the parties is not a final order disposing of the case and we dismiss defendant's appeal because it is from an interlocutory order. We note that defendant has requested that this Court alternatively exercise our discretion and treat her appeal as a petition for writ of certiorari pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure. "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when . . . no right of appeal from an interlocutory order exists. . . ." N.C.R. App. P. 21(a) (2008). This rule goes on to specify the contents of a petition for writ of certiorari:
The petition shall contain a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the reasons why the writ should issue; and certified copies of the judgment, order or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition. The petition shall be verified by counsel or the petitioner. Upon receipt of the prescribed docket fee, the clerk will docket the petition.
N.C.R. App. P. 21(c). Defendant's brief does not meet the requirements of a petition for writ of certiorari to this Court and we deny defendant's purported petition for writ of certiorari.
Dismissed.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).