An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

## IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-826

Filed 5 November 2025

Clay County, No. 22CVD000088-210

REGINA ANITA BRACKEN (now Ramirez), Plaintiff,

v.

DAVID BRUCE BRACKEN, Defendant.

Appeal by plaintiff from equitable distribution order entered 15 May 2024 by Judge Monica H. Leslie in Clay County District Court. Heard in the Court of Appeals 9 April 2025.

> *Woodruff Family Law Group, by Y. Michael Yin and Carolyn J. Woodruff, for plaintiff.*
>
> *No brief filed for defendant.*

FREEMAN, Judge.

Plaintiff appeals from the trial court's order on equitable distribution. On appeal, plaintiff argues the trial court made numerous errors in its findings of fact, conclusions of law, and decretal paragraphs. Plaintiff further argues that the trial court erred by awarding plaintiff her one-half interest in defendant's military pension

from the date of the order, and not the date of separation. Finally, plaintiff contends that the trial court erred in failing to consider her survivor benefits of the military pension. After careful review, we vacate the trial court's order on equitable distribution and remand for entry of a new order.

## I. Factual and Procedural Background

Plaintiff and defendant were married on 23 December 1980. When they married, defendant was an active service member in the United States Air Force and had served for approximately eight years before the parties married. During their marriage, plaintiff was a homemaker and raised their five children, all of whom were over the age of eighteen during the action. Defendant served in the military for approximately twelve more years before he retired. Upon retirement, defendant began earning his military retirement pension from his service in the Air Force. The parties separated on 2 March 2018.

On 3 May 2022, plaintiff filed a complaint seeking absolute divorce, equitable distribution of the marital property, and alimony. Plaintiff did not seek postseparation support. The parties divorced on 13 July 2022.

On 14 October 2022, plaintiff filed an equitable distribution affidavit, which listed the marital and separate property. On 13 September 2023, defendant filed his own equitable distribution affidavit. That same day, the trial court entered the final pretrial order, which specified that the parties had stipulated to the classification and fair market value of the property as provided in its attached schedule. The schedule

listed the marital home, household furniture items, the two cars, defendant's military retirement and 401(k) retirement pensions, a shared bank account, plaintiff's land in Arizona, and several debts.

On 13 March 2024, the trial court held a hearing on the equitable distribution of marital property. The trial court heard testimony about the value of the marital home and household furnishings. The parties had previously agreed to give plaintiff $20,000 from the sale of the marital home. Plaintiff jointly owned land in Arizona with her brother. Both parties testified about their debts, such as mortgages on the marital home, personal loans, and credit card balances. For some of the debts, the parties specified the amount loaned and repaid, who incurred the debt, and who made payments on it. Defendant also confirmed that his "VA income[ ] [was] [$]2,103 a month[,]" and he received $1,920 per month from Social Security benefits. Plaintiff received $548 per month from Social Security. Plaintiff knew that defendant had a 401(k) but did not know how much defendant received from it.

On 15 May 2024, the trial court entered its written order. As relevant here, the trial court made the following findings of fact:

> 3. That the parties were married on December 23, 1980.
>
> 4. That the parties separated on March 2, 2018, with the intention of permanently terminating the marital relationship, and have lived separate and apart from each other since that date.
>
> 5. That the parties were granted an absolute divorce on or about July 13, 2022.

. . .

9. That both parties are mentally competent adults and not under any legal disability.

. . .

11. In accordance with N.C.G.S. 50-20(d), the parties acknowledge that the provisions for the distribution of marital property should be and are equitable and fair.

12. That the Court did receive and considered testimony regarding those items as outlined in the Equitable Distribution Final Pre-Trial Order filed on or about September 13, 2022.

13. That the parties were married prior to separation for approximately 38 years.

14. That the defendant is a retired military senior non-commissioned officer and receives VA military benefits.

15. That the defendant served in the military for 20 years, 2 months, or 242 months.

16. That the plaintiff was married to the defendant for 12 years, 2 months, or 146 months of the defendant's time in military service.

17. That the plaintiff is entitled to 1/2 of 59.5% of the defendant's monthly VA retirement or 29.75 percent of the monthly total.

18. That the marital home of the parties was sold and recorded on September 13, 2023. That by agreement, the plaintiff received $20,000.00 of those proceeds, with the remaining monies being held in escrow.

The trial court then made the following conclusions of law, as relevant here:

3. That each party is entitled to an equitable distribution of the marital estate as outlined in the Decretal portion of this order.

4. That the division and distribution of marital property as set forth in the Decretal portion of this Order is equitable.

5. That this Order constitutes a complete satisfaction of all claims of the parties to an equitable distribution of marital property under N.C.G.S. § 50-20.

In the decretal portion, the trial court ordered:

1. That the remaining proceeds from the marital home shall be divided equally between the parties and disbursed 1/2 to each party.

2. That the motor vehicles outlined in the final ED pretrial Order are found to be of relative equal value, with the plaintiff receiving the Saturn Sedan and the defendant receiving the Ford Ranger truck.

3. That the home furnishings in each part[y]'s possession shall be the[ir] sole and separate property.

4. That the debts of each party fall outside of the equitable distribution as no specific testimony was received regarding their values.

5. That the plaintiff shall receive 29.75% of the defendant's monthly VA pension.

6. That both the plaintiff and defendant shall promptly, within the next 30 days, cooperate and provide any information, documentation, or other information as requested by the Veterans Administration or any other government agency or entity for the plaintiff's monthly amount to be apportioned and/or directly paid to her from the defendant's military pension.

Plaintiff timely appealed.

## II.  Jurisdiction

The order on equitable distribution is a final judgment of a district court in a

civil action, thus we have jurisdiction over plaintiff's appeal of right. N.C.G.S. § 7A-27(b)(2) (2023).

### III. Standard of Review

"We review the trial court's distribution of property for an abuse of discretion." *Foxx v. Foxx*, 282 N.C. App. 721, 724 (2022) (citation omitted). The trial court's distribution "may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *White v. White*, 312 N.C. 770, 777 (1985).

"[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Carpenter v. Carpenter*, 246 N.C. App. 1, 11 (2016) (cleaned up). "The trial court's findings of fact are binding on appeal so long as competent evidence supports them, despite the existence of evidence to the contrary." *Kabasan v. Kabasan*, 257 N.C. App. 436, 440 (2018) (cleaned up).

### IV. Discussion

Plaintiff argues that the trial court made numerous errors in its equitable distribution order, specifically in the factual findings, conclusions of law, and decretal paragraphs. Plaintiff further argues that the trial court erred by not distributing her share of defendant's military retirement pension from the date of separation, and by not addressing survivor benefit protection for her share of the pension.

## A. Equitable Distribution

Plaintiff contends that there were insufficient findings to support many of the trial court's conclusions of law, and there were many errors in the decretal portion of the order.

> A trial judge is required to conduct a three-step analysis when making an equitable distribution of the marital assets. These steps are: (1) to determine which property is marital property, (2) to calculate the net value of the property, fair market value less encumbrances, and (3) to distribute the property in an equitable manner.

*Stone v. Stone*, 181 N.C. App. 688, 693 (2007) (citations omitted). Our General Assembly requires an equal distribution of marital property "using [the] net value of the marital property and net value of divisible property[.]" N.C.G.S. § 50-20(c) (2023). However, if the trial court "determines that an equal division is not equitable," then it must equitably divide the property by considering the statutory factors, including, *inter alia*:

> (1) The income, property, and liabilities of each party at the time the division of property is to become effective.
>
> . . .
>
> (3) The duration of the marriage and the age and physical and mental health of both parties.
>
> . . .
>
> (5) The expectation of pension, retirement, or other deferred compensation rights that are not marital property.
>
> (6) Any equitable claim to, interest in, or direct or indirect

contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services, or lack thereof, as a spouse, parent, wage earner or homemaker.

(7) Any direct or indirect contribution made by one spouse to help educate or develop the career of the potential other spouse.

. . .

(9) The liquid or nonliquid character of all marital property and divisible property.

. . .

(11) The tax consequences to each party, including those federal and State tax consequences that would have been incurred if the marital and divisible property had been sold or liquidated on the date of valuation. The trial court may, however, in its discretion, consider whether or when such tax consequences are reasonably likely to occur in determining the equitable value deemed appropriate for this factor.

(11a) Acts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue, or convert the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution.

. . .

(12) Any other factor which the court finds to be just and proper.

*Id.* "The party seeking an unequal division bears the burden of showing, by a preponderance of evidence, that an equal division would not be equitable." *Armstrong v. Armstrong*, 322 N.C. 396, 404 (1988).

"In any order for the distribution of property made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property and divisible property has been equitably divided." N.C.G.S. § 50-20(j) (2023); *see also Armstrong*, 322 N.C. at 403 ("The plain language of the statute mandates that written findings of fact be made in *any* order for the equitable distribution of marital property made pursuant to N.C.G.S. § 50-20."); *Mosiello v. Mosiello*, 285 N.C. App. 468, 471 (2022) ("When determining whether an unequal distribution is equitable, the trial court must make written findings of fact demonstrating and adjudicating which relevant and admitted evidence supports the N.C.[G.S.] § 50-20(c) distributional factors the court considered.").

In other words, "[t]here is no language within § 50-20(c) which would indicate that the trial court is required to place a monetary value on any distributional factor and we decline to impose such an unnecessary burden upon the trial court," *Gum v. Gum*, 107 N.C. App. 734, 739 (1992), however, "[i]t is not enough that evidence can be found within the record which could support such classification; the court *must* actually classify all of the property and make a finding as to the value of all marital property," *Robinson v. Robinson*, 210 N.C. App. 319, 324 (2011) (emphasis added). "There is no way to know if the distribution of the marital estate is equal or unequal if there is no finding on the net value of the entire marital estate." *Watson v. Watson*, 261 N.C. App. 94, 101 (2018).

These written findings are necessary for "an appellate court to review the

decision and test the correctness of the judgment. The fact that there is evidence in the record from which sufficient findings *could* be made does not excuse the error." *Stone*, 181 N.C. App. at 693 (citation omitted). "Although the trial court is not required to recite in detail the evidence considered in determining what division of the property would be equitable, it is required to make findings sufficient to address the statutory factors and support the division ordered." *Id.* at 693–94. "When the findings and conclusions are inadequate, appellate review is effectively precluded." *Id.* (citation omitted). Put another way:

> Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to apply the facts and apply the law thereto.

*Coble v. Coble*, 300 N.C. 708, 714 (1980).

Here, the trial court did not classify or include all of the parties' property from the pretrial report and testimony as marital or separate property it its written order. Furthermore, the trial court did not value any property in the written order.[1] Thus,

---

[1] Plaintiff's portion of defendant's military retirement pension is properly calculated with "the proportion of the time the marriage existed (up to the date of separation of the parties) simultaneously with the total time of the employment which earned the benefit subject to equitable distribution, to

the written findings are insufficient for this Court "to review the decision and test the correctness of the judgment." *Stone*, 181 N.C. App. at 693.

It is unclear from the trial court's order what property was part of the marital estate, how much that property was worth, or what the net value of the entire martial estate was, so we cannot determine whether its distribution of that property was equitable. Therefore, we vacate the trial court's order on equitable distribution and remand for entry of a new distributional order with instructions to enter appropriate findings addressing: the total net value of the property, whether an equitable distribution is equal or unequal, and the classification of the property. Accordingly, we do not reach plaintiff's remaining arguments.

## V.    Conclusion

Because the trial court's order on equitable distribution does not contain sufficient findings of fact, we vacate the order and remand for the trial court to enter a new order with appropriate findings about the classification and value of the marital property to support its conclusions of law to allow for an equitable distribution of the parties' marital property. If the trial court determines that an unequal distribution is equitable, it must make necessary findings of fact pursuant to subsection 50-20(c) of our General Statutes. The trial court may, in its discretion,

---

the total amount of time of employment that earned the benefit subject to equitable distribution." N.C.G.S. § 50-20.1(d) (2023). The trial court incorrectly calculated plaintiff's share of defendant's VA retirement.

hold a new hearing before entry of the new order.

VACATED AND REMANDED.

Judge WOOD concurs.

Judge ARROWOOD concurs in result only.

Report per Rule 30(e).