FRANCES MOSLEY KERNS AND LAWRENCE KERNS, PLAINTIFFS v. JANET SOUTHERN (FORMERLY JANET SOUTHERN WILLIAMS AND JANET SOUTHERN KERNS), DEFENDANT

No. 9021DC65

(Filed 20 November 1990)

1. **Divorce and Alimony § 23 (NCI3d)— child visitation—subsequent custody claim not frivolous**

    The claim of plaintiff grandparents for custody of their grandchildren was not frivolous in violation of N.C.G.S. § 1A-1, Rule 11 because they first sought only child visitation and a custody issue was then necessary to a child visitation claim where there was no indication at trial that plaintiffs in fact did not wish to obtain custody of the grandchildren or that their claim was made in bad faith. Therefore, the trial court properly considered plaintiffs' claim for custody. N.C.G.S. §§ 50-13.2, 50-13.5.

    **Am Jur 2d, Divorce and Separation §§ 1002, 1003.**

    **Award of custody of child where contest is between child's mother and grandparent. 29 ALR3d 366.**

2. **Divorce and Alimony § 25.12 (NCI3d)— child visitation—best interest of children—burden of proof**

    The trial court erred in placing on defendant mother the burden of proving that visitation of her children by plaintiff grandparents was not in the best interest of the children. Rather, the grandparents who sought visitation had the burden

of proving that visitation was in the best interest of the children.

**Am Jur 2d, Divorce and Separation §§ 974, 982, 999, 1000, 1003.**

**Grandparents' visitation rights. 90 ALR3d 222.**

3. **Divorce and Alimony § 25.12 (NCI3d)— child visitation— insufficient findings**

The trial court's conclusory findings were insufficient to support the court's award of child visitation rights to plaintiff grandparents.

**Am Jur 2d, Divorce and Separation §§ 974, 982, 999, 1000, 1003.**

**Grandparents' visitation rights. 90 ALR3d 222.**

APPEAL by defendant from a judgment entered 23 October 1989 by *Judge James A. Harrill, Jr.* in District Court, FORSYTH County. Heard in the Court of Appeals 18 September 1990.

*Wolfe and Collins, P.A., by John G. Wolfe, III and Michael R. Bennett, for plaintiff-appellees.*

*Glover & Petersen, P.A., by James R. Glover and Paul C. Shepard, for defendant-appellant.*

LEWIS, Judge.

The issues before the Court in this case are these: 1) whether the trial court had jurisdiction to consider the custody of the defendant's children, 2) whether the trial judge erred when he placed the burden of proof on the custodial parent to show that the grandparents' visitation would be against the better interest of the children, and 3) whether the trial court judge made adequate findings of fact in his judgment which granted visitation rights to the grandparents.

The plaintiffs are the paternal grandparents of the defendant's children. After the defendant's husband died, the grandparents filed a petition for visitation rights with the trial court. In response, the defendant-mother moved for dismissal under Rule 12(b)(6) on the grounds that any rights in the grandparents' favor, arising out of North Carolina General Statutes sections 50-13.2 and 50-13.5,

KERNS v. SOUTHERN

[100 N.C. App. 664 (1990)]

are only where custody is already at issue. The 1989 changes to section 50-13.1, which allow an independent action for visitation, were not in effect at the time of the original petition. The trial court granted the plaintiffs' motion to amend their petition and complaint to raise the question of custody of the children. After concluding that the defendant would have custody of the children, the court then granted the plaintiffs' visitation rights. The defendant now appeals the trial court's ruling.

First

[1] Defendant contends that the trial court lacked jurisdiction to consider the issue of custody of the children because the plaintiffs' claim to custody was a "sham" and made in bad faith. The appellant's "jurisdictional" argument in brief appears to be more correctly stated as a claim that the plaintiffs violated N.C.G.S. § 1A-1, Rule 11 by bringing a frivolous suit. There is no indication at trial that the grandparents in fact did not wish to obtain custody of the children or that their claim was made in bad faith. The fact that the grandparents had originally asked for visitation does not make their later claim for custody violative of Rule 11. North Carolina General Statute § 50-13.1, before modified in 1989, states that: "[a]ny parent, relative, or other person, . . . claiming the right to custody of a minor child may institute an action or proceeding for the custody of a minor child. . . ." N.C.G.S. § 50-13.1. The grandparents merely exercised their right to institute an action for custody as allowed by the statute. We find the trial court was correct in allowing the plaintiffs' claim for custody.

Second

[2] Defendant's second contention is that the trial court incorrectly placed the burden of proof on the defendant-mother to show that visitation of the grandparents would be bad for the children. The standard by which the court is guided in visitation matters is the child's best interest. *In re Jones*, 62 N.C. App. 103, 105, 302 S.E.2d 259, 260 (1983). The North Carolina General Statutes provide that "[a]n order for custody of a minor child may provide visitation rights for any grandparent of the child as the court, in its discretion, deems appropriate." N.C.G.S. § 50-13.2(b1). Although the trial judge determined that the appellant-defendant would continue to have primary custody of the children, it was entirely within the trial judge's discretion to allow the grandparents visitation rights based on the best interest of the children.

When considering the issue of visitation, the grandparents, who were seeking the visitation rights, had the burden of proving that the award of visitation was in the best interest of the children. However, here the trial judge reversed the burden, so that the mother had to prove that the visitation was bad for the children. We find that the trial judge erred in placing this burden of proof on the mother.

## Third

[3] The defendant's last contention is that the trial judge's order, which granted the plaintiffs visitation rights to the defendant's children, was not supported by adequate findings of fact. The judgment of the trial court provides:

> [t]hat the Plaintiffs and the Defendant are all fit and proper persons to have the care, custody and control of the minor children; . . . that the Plaintiffs . . . have a fine home with living conditions that are appropriate for children to be in and around; that the Plaintiffs have 12 grandchildren (having raised 7 children) and their home is frequented by young people; that Plaintiffs [sic] home is a proper place for young people to be in; that the male Plaintiff is a diabetic, disabled veteran who has not consumed alcohol since January of 1986; that the female Plaintiff is available at all times to care for the minor children and would keep them under her watchful eye or that of a suitable adult; that it is appropriate and in the best interest of the minor children for their custody to remain with their mother, the Defendant, subject to grandparental visitation by the Plaintiffs.

"To support an award of visitation rights[,] the judgment of the trial court should contain findings of fact which sustain the conclusion of law that the party is a fit person to visit the child and that such visitation rights are in the best interest of the child." *Montgomery v. Montgomery*, 32 N.C. App. 154, 157, 231 S.E.2d 26, 29 (1977). (Citations omitted). The above stated findings are conclusory. We find that the conclusory statements are inadequate findings to support the award of visitation rights to the grandparents.

Reversed and remanded.

Judges WELLS and COZORT concur.