LINDA W. HUNT v. GEORGE EUGENE HUNT

LINDA W. HUNT v. GEORGE EUGENE HUNT

No. 9227DC1088
No. 9227DC1089

(Filed 7 December 1993)

1. **Divorce and Separation § 246 (NCI4th) — alimony — failure to make adequate findings — order reversed**

    Where the trial court failed to make any findings regarding the accustomed standard of living of the parties prior to separation, the expenses of each party at the time of trial, the value of each party's estate at the time of the hearing, or the contribution each made to the financial status of the family during the course of the marriage, the court's findings

HUNT v. HUNT

[112 N.C. App. 722 (1993)]

only as to the parties' earnings could not support a conclusion that plaintiff was the dependent spouse or that defendant was the supporting spouse, and the determination that plaintiff was entitled to alimony must therefore be reversed.

**Am Jur 2d, Divorce and Separation § 534.**

2. **Divorce and Separation § 354 (NCI4th)— child custody—no finding that plaintiff fit and proper person—order reversed**

The trial court's order awarding child custody to plaintiff is reversed where the trial court made some findings of fact as to the unfitness of defendant but failed to make any findings of fact regarding the fitness of plaintiff.

**Am Jur 2d, Divorce and Separation § 354.**

3. **Divorce and Separation § 117 (NCI4th)— equitable distribution—classification of property—insufficiency of findings—time of valuation not found**

The trial court's judgment of equitable distribution is reversed where the only findings in support of classifications of property were that the parties were married on 27 June 1975 and separated on 16 July 1990; these findings were inadequate to support the classification; and the judgment did not reflect that the property was valued, as required, on the date of separation.

**Am Jur 2d, Divorce and Separation § 879.**

Appeal by defendant from judgments and order entered 15 April 1992 in Cleveland County District Court by Judge George W. Hamrick. Heard in the Court of Appeals 1 October 1993.

*Hamrick, Mauney, Flowers & Martin, by Fred A. Flowers, for plaintiff-appellee.*

*Law Office of Daniel A. Kuehnert, by Daniel A. Kuehnert, for defendant-appellant.*

GREENE, Judge.

George Hunt (defendant) appeals from judgments and order entered on 15 April 1992 in Cleveland County District Court by Judge George Hamrick awarding Linda W. Hunt (plaintiff) alimony, child custody, and an equitable distribution of marital property.

Defendant does not appeal an award of child support entered on the same date. Because these appeals involve common questions of law, we consolidate them for appeal pursuant to Rule 40 of the North Carolina Rules of Appellate Procedure.

Defendant and plaintiff were married on 27 June 1975 and lived together as husband and wife until 16 July 1990 when they separated. Two children were born of the marriage and both children were minors at all times relevant to this case.

Plaintiff filed a complaint seeking alimony, custody of the parties' minor children, and child support. This action was docketed on the court calendar as 90 CVD 1198. On 15 August 1991, plaintiff brought a second action seeking an absolute divorce and an equitable division of the marital property. This action was docketed on the court calendar as 91 CVD 1665. The actions for divorce, alimony, child custody and support, and equitable distribution were informally consolidated for trial.

A judgment of absolute divorce was entered in 91 CVD 1665. The judgment entered in 90 CVD 1198—plaintiff's action for alimony and child custody and support—ordered the equitable distribution of the parties' marital property. The judgment and order entered in 91 CVD 1665—plaintiff's action for equitable distribution—granted plaintiff alimony in a lump sum award of $7,000.00, custody of the minor children, and $136.00 per month in child support.

In the judgment and order which granted plaintiff alimony and child custody and support, the trial court made the following pertinent findings of fact:

2. . . . . That the defendant began imposing his religious beliefs upon the minor children, making them watch certain tapes, listening to recorded tapes and exposing them to other religious materials for the childrens' [sic] instruction.

3. That the minor children developed major depression episodes involving loss of appetite, loss of sleep, digestive problems, nightmares, and they became preoccupied with the occult and supernatural, and that they developed difficulty with thought content . . . .

4. That the plaintiff's gross income is $1,250.00 per month and the defendant's gross income is $2,700.00 per month.

5. . . . The Court finds that the plaintiff was financially dependent upon the defendant for a substantial portion of her support, maintenance, and financial well-being.

Based upon these findings, the court made the following pertinent conclusions of law:

[I]t is in the best interest of the minor children that they be placed in the primary care, custody and control of the plaintiff . . . .

. . . that the defendant is a substantial supporting spouse according to the laws of the State of North Carolina, and that the plaintiff should be awarded a lump sum alimony award in the amount of $7,000.00.

The court then entered an order which granted custody of the children to plaintiff and ordered defendant to pay plaintiff $7,000.00 "as a lump sum award of rehabilitative alimony."

The equitable distribution judgment assigned a "fair market value" to the properties classified as marital and separate and distributed the marital property equally. In support of the classification of the property, the trial court found that "the parties were married on the 27th day of June, 1975 and separated on the 16th day of July, 1990."

---

The issues presented are whether: (I) the trial court's findings of fact are supported by sufficient evidence; (II) the trial court's findings of fact are sufficient to support the conclusions of law regarding (A) plaintiff's entitlement to alimony and the amount of the alimony award; (B) the custody of the minor children; and (C) the classification and valuation of the property owned by the parties; (III) the trial court erred by denominating the alimony award to plaintiff "rehabilitative alimony"; and (IV) the trial court erred by entering the alimony and child custody order in plaintiff's action for equitable distribution and by entering the equitable distribution award in plaintiff's action for alimony and child custody.

I

The record contains no transcript of the hearing at which the trial court considered the questions of child custody and alimony or of the hearing at which the court considered the matter of equitable distribution. The record reveals that the hearing was

recorded on audio tape, however, this recording was of such poor quality that it was impossible for a transcript to be made. Because of the lack of a transcript, we cannot determine from the record before us whether the trial court's findings of fact are supported by competent evidence. Where the evidence upon which the trial court based its findings is absent from the record, it is presumed the trial court's findings of fact were supported by competent evidence. *In re Botsford*, 75 N.C. App. 72, 75-76, 330 S.E.2d 23, 25 (1985). We therefore reject defendant's argument that the trial court's findings of fact were based on insufficient evidence.

II

A

### Alimony

[1] Only dependent spouses are entitled to alimony in North Carolina. N.C.G.S. § 50-16.2 (1987). A dependent spouse is defined as one "who is **actually substantially dependent** upon the other spouse for his or her maintenance and support or is **substantially in need** of maintenance and support from the other spouse." N.C.G.S. § 50-16.1(3) (1987) (emphases added). "Actually substantially dependent" requires that "the party seeking alimony would be actually unable to maintain the accustomed standard of living [established before separation] from his or her own means." *Williams v. Williams*, 299 N.C. 174, 181, 261 S.E.2d 849, 855 (1980). In other words, to be "actually substantially dependent," the party seeking alimony must be entirely without the means to maintain the pre-separation accustomed standard of living. "[S]ubstantially in need" requires "that the spouse seeking alimony establish that he or she would be unable to maintain his or her accustomed standard of living (established prior to separation) without [some] financial contribution from the other." *Id.* at 181-82, 261 S.E.2d at 855. Because the determination of dependency requires application of legal principles, it is a conclusion of law, *Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 658 (1982), and the trial court must base this determination on "findings of fact sufficiently specific to indicate that the court considered the factors set out in *Williams." Talent v. Talent*, 76 N.C. App. 545, 548, 334 S.E.2d 256, 259 (1985). The *Williams* factors include (1) the accustomed standard of living of the parties prior to the separation, (2) the income and expenses of each of the parties at the time of the trial, (3) the value of the estates, if any, of both spouses at the time of the hearing,

and (4) "the length of [the] marriage and the contribution each party has made to the financial status of the family over the years." *Williams*, 299 N.C. at 183-85, 261 S.E.2d at 856-57.

In this case, the trial court entered findings that plaintiff's gross income was $1,250.00 per month, that defendant's gross income was $2,700.00 per month, and that the plaintiff was "financially dependent upon the defendant." Based on these findings, the court concluded that defendant is a supporting spouse. There is no conclusion that the plaintiff is the dependent spouse, and although the better practice would be to enter such a conclusion, it is not fatal. A supporting spouse is defined as the spouse "upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support." N.C.G.S. § 50-16.1(4) (1987). Thus, it naturally follows that a spouse, here the plaintiff, that has a "supporting spouse," is the "dependent spouse."

The court failed to make any findings regarding the accustomed standard of living of the parties prior to the separation, the expenses of each party at the time of the trial, the value of each party's estate at the time of the hearing, or of the contribution each party made to the financial status of the family during the course of the marriage. Accordingly, because the findings do not reflect that the trial court considered the "*Williams* factors," they cannot support a conclusion that plaintiff is the dependent spouse or that defendant is the supporting spouse, and the determination that plaintiff is entitled to alimony must be reversed.

Furthermore, in regard to the amount of the alimony award, N.C. Gen. Stat. § 50-16.5(a) states: "Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." N.C.G.S. § 50-16.5(a) (1987).

Under our case law, an alimony order is valid only if the trial court has made detailed findings concerning (1) the estates of the parties; (2) the earnings of the parties; (3) the earning capacity of the parties; (4) the condition of the parties; and (5) the accustomed standard of living of the parties. *Quick*, 305 N.C. at 455-56, 290 S.E.2d at 659-60; *Skamarak v. Skamarak*, 81 N.C. App. 125, 128, 343 S.E.2d 559, 562 (1986); *Spencer v. Spencer*, 70 N.C. App. 159, 170, 319 S.E.2d 636, 645 (1984). The requirement of detailed findings

on each of these factors is "not a mere formality or an empty ritual; it must be done." *Skamarak*, 81 N.C. App. at 128, 343 S.E.2d at 562.

In this case, the trial court made findings only as to the parties' earnings. There were no findings as to the parties' estates, earning capacities, conditions, or accustomed standard of living and the record contains no indication that these factors were considered by the trial court. Accordingly, the determination that plaintiff is entitled to alimony in the amount of $7,000.00 is unsupported by required findings of fact and is reversed.

B

## Child Custody

N.C. Gen. Stat. § 50-13.2(a) provides:

An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, . . . as will best promote the interest and welfare of the child. An order for custody must include findings of fact which support the determination of what is in the best interest of the child.

N.C.G.S. § 50-13.2(a) (1987).

[2]    The determination of what "will best promote the interest and welfare of the child," that is, "what is in the best interest of the child," is a conclusion of law, *Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E.2d 466, 468 (1978), and this conclusion must be supported by findings of fact as to the characteristics of the parties competing for custody. *Id.* "These findings may concern the physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child." *Id.* These findings cannot, however, be mere conclusions. *See Kerns v. Southern*, 100 N.C. App. 664, 667, 397 S.E.2d 651, 653 (1990) (holding conclusory statements in visitation dispute were not adequate to support awarding visitation rights).

In this case, the trial court made some findings of fact as to the unfitness of defendant, and based on those findings concluded as a matter of law "that it is in the best interest of the minor children that they be placed in the primary care, custody and control of the plaintiff." The trial court's order, however, failed to make any findings of fact regarding the fitness of plaintiff. It

does not necessarily follow that because defendant is not a fit person to have custody of the children, that plaintiff is fit. Accordingly, the conclusion that it would be in the children's best interest for plaintiff to have custody is unsupported by sufficient findings of fact and the custody order must be reversed.

## C

### Equitable Distribution

[3] Because the classification of property in an equitable distribution proceeding requires the application of legal principles, this determination is most appropriately considered a conclusion of law. *See Quick*, 305 N.C. at 452, 290 S.E.2d at 658. The conclusion that property is either marital, separate or non-marital, *see Chandler v. Chandler*, 108 N.C. App. 66, 68, 422 S.E.2d 587, 589 (1992), must be supported by written findings of fact. *See Armstrong v. Armstrong*, 322 N.C. 396, 403, 368 S.E.2d 595, 599 (1988). Appropriate findings of fact include, but are not limited to, (1) the date the property was acquired, (2) who acquired the property, (3) the date of the marriage, (4) the date of separation, and (5) how the property was acquired (i.e., by gift, bequest, or purchase). *See* N.C.G.S. § 50-20(b)(1) (defining marital property); N.C.G.S. § 50-20(b)(2) (defining separate property).

In this case, although certain properties were classified as marital and other properties classified as separate, the only findings in support of the classifications are that the parties were married on 27 June 1975 and separated on 16 July 1990. There are no findings as to when the property was acquired, how it was acquired, or by whom it was acquired. Therefore, the classifications cannot be sustained because they are not supported by adequate findings of fact.

Furthermore, the equitable distribution judgment must be reversed because the judgment does not reflect that the property was valued, as is required, on "the date of the separation of the parties." N.C.G.S. § 50-21(b) (1992). The findings of fact and conclusions of law simply refer to the "fair market value" of the property, without identifying that it was the fair market value at the date of separation.

Because the conclusions of law classifying and valuing the marital property of the parties were not supported by adequate findings of fact, the judgment of equitable distribution must be reversed.

### III

Because we have reversed the award of alimony in this case, it is not necessary to address defendant's contention that the trial court erred in awarding plaintiff "rehabilitative alimony." We note, however, that in North Carolina alimony may be awarded only to a dependent spouse where that spouse is actually substantially dependent upon the supportive spouse or is substantially in need of support and the supporting spouse was at fault in the break-up of the marriage. N.C.G.S. §§ 50-16.1, -16.2 (1987). North Carolina law does not embrace the concept of "rehabilitative alimony," the purpose of which is to enable a spouse who has foregone economic opportunities during the marriage to acquire the market skills necessary to obtain employment which will allow her to support herself. *See* Ira M. Ellman, Paul M. Kurtzman & Katharine T. Bartlett, *Family Law* 286 (2d ed. 1991); 2 Homer H. Clark, Jr., *The Law Of Domestic Relations in the United States* 265 (2d ed. 1987).

### IV

It appears that due to a clerical error, the orders in these two cases were incorrectly captioned, thereby resulting in the alimony and child custody order being entered in plaintiff's action for equitable distribution and the order of equitable distribution being entered in plaintiff's action for alimony and child custody. Because we have reversed and remanded both orders, we do not address defendant's contention that the court exceeded its authority by entering these orders. We assume this error will not reoccur upon remand.

In summary, we reverse both the order granting plaintiff alimony and child custody and the order for equitable distribution. Because there is no record upon which the trial court could rely to make the proper determination of these issues, there must be a new trial on the issues of alimony, child custody, and equitable distribution. Although neither party has appealed or argued the child support award, because we have reversed the award of child custody and ordered a new trial on this issue, we vacate the child support award and order a new trial on that issue as well.

Reversed and remanded for new trials.

Judges EAGLES and ORR concur.