CHINYERE DURUANYIM, Plaintiff,
v.
ONYEMA R. DURUANYIM, Defendant.
No. COA09-1260.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Billie R. Ellerbe, for plaintiff-appellee.
Law Office of Richard B. Johnson, by Richard B. Johnson, for defendant-appellant.

UNPUBLISHED OPINION
ROBERT C. HUNTER, Judge.
Defendant appeals from the trial court's Order for Equitable Distribution entered 31 December 2008. After careful review, we reverse and remand.

Background
Chinyere Duruanyim ("plaintiff") and Onyema R. Duruanyim ("defendant") were married in Nigeria, Africa on 17 August 1983 and separated on 19 September 2002. Defendant moved to the United States in 1989 and plaintiff followed sometime thereafter. The parties do not have any children together; however, defendant has a second wife, with whom he had a child, in Africa. The parties divorced on 16 October 2007. During their marriage, the parties acquired various real and personal property in Africa and the United States.
On 19 December 2002, plaintiff filed a complaint seeking equitable distribution. On 19 February 2003, defendant filed an answer and counterclaim. A Final Pretrial Order was entered on 10 May 2007 that listed the parties' marital, separate, and divisible property. The trial court held a two-day hearing beginning 9 May 2007. On 31 December 2008, the trial court entered an Order for Equitable Distribution in which plaintiff was awarded 51.5% of the marital assets and defendant was awarded 48.5%.[1] Defendant was ordered to pay a distributive award in the amount of $6,543.82. Defendant timely appealed to this Court.

Analysis

I. Standard of Review
"The standard of review of the percentage division of marital property in equitable distribution cases is for an abuse of discretion." Squires v. Squires, 178 N.C. App. 251, 256, 631 S.E.2d 156, 159 (2006).
It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.
White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (internal citations omitted). Additionally, "[i]t is well established that a trial court's conclusions of law must be supported by its findings of fact." Robertson v. Robertson, 167 N.C. App. 567, 574, 605 S.E.2d 667, 671 (2004). "While findings of fact by the trial court in a non-jury case are conclusive on appeal if there is evidence to support those findings, conclusions of law are reviewable de novo." Lee v. Lee, 167 N.C. App. 250, 253, 605 S.E.2d 222, 224 (2004).

II. Defendant's Claims

A. Inadequate Findings of Fact
First, defendant argues that the trial court failed to make adequate findings of fact regarding the value and classification of marital property in its order. We agree.
Because the classification of property in an equitable distribution proceeding requires the application of legal principles, this determination is most appropriately considered a conclusion of law. The conclusion that property is either marital, separate or non-marital, must be supported by written findings of fact. Appropriate findings of fact include, but are not limited to, (1) the date the property was acquired, (2) who acquired the property, (3) the date of the marriage, (4) the date of separation, and (5) how the property was acquired (i.e., by gift, bequest, or purchase).
Hunt v. Hunt, 112 N.C. App. 722, 729, 436 S.E.2d 856, 861 (1993) (internal citations omitted). Additionally, an "equitable distribution judgment must be reversed [if] the judgment does not reflect that the property was valued, as is required, on `the date of the separation of the parties.'" Id. (quoting N.C. Gen. Stat. § 50-21(b) (1992)). In Hunt, the equitable distribution order was reversed, in part, because "[t]he findings of fact and conclusions of law simply refer[ed] to the `fair market value' of the property, without identifying that it was the fair market value at the date of separation." Id. Additionally, the trial court in Hunt failed to make "findings as to when the property was acquired, how it was acquired, or by whom it was acquired." Id.
Here, the parties filed a pretrial order in which they stipulated to the value of thirteen items of marital property listed in "SCHEDULE A[.]" In the remaining schedules, B through E, the parties disputed the classification, value, or existence of the listed property. The trial court made no findings to settle these disputes in the final order; rather, the court merely classified the majority of the property as marital, assigned a value, and distributed it to one party or the other. The trial court made no findings concerning the date the property was acquired, who acquired the property, or how the property was acquired. Although there was a dispute as to the value of certain real property, the trial court made no findings regarding its method of valuation. Moreover, the trial court listed the value of each item of real and personal property, but did not state that the values were as of the date of separation. Accordingly, we must remand this case to the trial court to make proper findings of fact with regard to the disputed property in schedules B through E and to specify whether the values assigned were date of separation values. "We emphasize that our holding does not require voluminous findings from the trial court, but instead simply findings sufficiently adequate to reflect that it has performed the task imposed upon it by our case law [and statutes]." Robertson v. Robertson, 174 N.C. App. 784, 790, 625 S.E.2d 117, 121 (2005) (case remanded for findings where trial court failed to establish methodology for business valuation). Unlike in Hunt, a new hearing is unnecessary since the trial court has a complete transcript of the proceedings.

B. Valuation of Martial Property
Next, defendant disputes the trial court's valuation of the following items of marital property: (1) a 1.25 acre lot in Owerri, Nigeria, valued at $60,000.00; (2) a three bedroom ranch house in Owerri, Nigeria, valued at $15,000.00; (3) a 6.5 acres of land in Amanator, Nigeria, valued at $10,000.00; (4) the parties' AIM investment account, valued at $4,139.72; and (5) a Charlotte Metro Credit Union account, valued at $4,235.00. Defendant claims that the values assigned by the trial court were based on insufficient evidence. As stated supra, the trial court only found as fact the value of the marital property and did not make findings to resolve the parties' disputes regarding the value of certain property. On remand, the trial court must make findings of fact regarding the reasoning behind its valuations; however, we will address defendant's arguments based on the record before us.
With regard to the 1.25 acre lot in Owerri, Nigeria, plaintiff listed the "net value" as $50,000.00 on the pretrial order, while defendant listed "[u]nknown." In an affidavit filed with the trial court on 7 April 2003, defendant listed a value of $60,000.00 for the property. At the hearing, plaintiff testified that the property was worth $50,000 and defendant testified that it was worth $60,000. On appeal, defendant does not assert a value that he claims is supported by the evidence. "In an equitable distribution proceeding, the trial court is to determine the net fair market value of the [parties'] property based on the evidence offered by the parties." Walter v. Walter, 149 N.C. App. 723, 733, 561 S.E.2d 571, 577 (2002). Defendant's argument lacks merit as the trial court awarded him the property in accord with his own affidavit and testimony at trial concerning the value of the land.
Regarding the three bedroom home in Owerri, plaintiff claimed in the pretrial order that the property was worth $17,712.75 and defendant claimed that he had no knowledge of the property's existence. At trial, plaintiff testified that she had the property appraised in Africa, and the fair market value was $17,712.75. The trial court did not admit the appraisal for the truth of the matter asserted; but for the limited purpose of establishing what plaintiff based her opinion upon. The trial court then valued the property at $15,000.00 and awarded it to defendant. "[W]hen an appellant contends that the findings of fact are not supported by the evidence, we look to see whether the findings are supported by any competent evidence in the record." Nix v. Nix, 80 N.C. App. 110, 112, 341 S.E.2d 116, 118 (1986). Based on the testimony provided, there is no evidence to support a valuation of $15,000.00 for this property. The only evidence provided was plaintiff's testimony that the property was worth $17,712.75. How the trial court reached a value of $15,000.00 is unclear. On remand, the trial court must make adequate findings regarding the valuation and may amend the order if necessary.
As to the 6.5 acres of land in Amanator, Nigeria, plaintiff claimed in the pretrial order, and at trial, that the land was worth $10,000.00. Defendant claimed that the parties did not own the land. The trial court valued the land at $10,000.00 and distributed it to defendant. Unlike the finding pertaining to the three bedroom home, there was testimony that supported the trial court's finding of fact that the land was worth $10,000.00. Plaintiff claimed she and defendant purchased the property for $10,000.00 and it was worth $10,000.00 at the time of separation. Plaintiff testified that the land was being cultivated to grow vegetables by defendant's family in Africa. The trial court, as the finder of fact in a non-jury proceeding, has the "right to believe all that a witness testified to, or to believe nothing that a witness testified to, or to believe part of the testimony and to disbelieve part of it." Brown v. Brown, 264 N.C. 485, 488, 141 S.E.2d 875, 877 (1965). This Court has stated that, "[e]ven [if] valuation would [not] be simple, each asset must be valued." Byrd v. Owens, 86 N.C. App. 418, 422, 358 S.E.2d 102, 105 (1987). However, the obligation to value marital property "exists only when there is credible evidence supporting the value of the asset." Grasty v. Grasty, 125 N.C. App. 736, 739, 482 S.E.2d 752, 754, disc. review denied, 346 N.C. 278, 487 S.E.2d 545 (1997). We must assume, absent a finding, that the trial court found plaintiff's testimony to be credible concerning the valuation of the marital property. On remand, the trial court is ordered to make findings regarding this valuation.
Next, defendant contends that there was insufficient evidence to support a valuation of the AIM account, which was valued at $4,139.72 and distributed to plaintiff. Defendant claimed that the account was valued at $27,934.39 in his affidavit and pretrial order. Defendant submitted evidence that tended to show that plaintiff withdrew $23,794.67 from the AIM account on 24 December 2002 to pay part of a marital debt to the IRS. It appears that the trial court subtracted the amount taken out to pay the marital debt from the account balance at the date of separation and then distributed the balance of $4,139.72 to plaintiff. Accordingly, we find sufficient evidence for the valuation; however, again, we order the trial court to make the appropriate findings on remand.
Finally, defendant argues that the trial court erred in valuing a Charlotte Metro Credit Union account at $4,235.00 where defendant alleged that the value was $22,442.69. We disagree. Plaintiff testified that she opened this account with her sister, Margaret Bledsoe, and that $18,207.00 was deposited by Bledsoe and $4,235.00 was deposited by plaintiff's employer. Defendant admitted at trial that plaintiff's employer deposited approximately $4,000.00 and Bledsoe deposited the remaining balance. Bledsoe testified that she deposited around $21,000.00 in the account. Based on the testimony presented, we find that there was sufficient evidence to support the trial court's valuation; however, the trial court must make findings of fact on remand to support the ultimate determination that the account had a marital value of $4,235.00.

C. In-Kind Distribution
Defendant argues that the trial court erred when it ordered a distributive award without making findings regarding in-kind distribution. N.C. Gen. Stat. § 50-20(e) (2009) states in pertinent part:
[I]t shall be presumed in every action that an in-kind distribution of marital or divisible property is equitable. This presumption may be rebutted by the greater weight of the evidence, or by evidence that the property is a closely held business entity or is otherwise not susceptible of division in-kind. In any action in which the presumption is rebutted, the court in lieu of in-kind distribution shall provide for a distributive award in order to achieve equity between the parties. The court may provide for a distributive award to facilitate, effectuate or supplement a distribution of marital or divisible property.
In its final order, the trial court found that the total net value of the marital estate was $321,020.37. The trial court distributed $158,781.67 in-kind to plaintiff while defendant received $162,238.70 in-kind of the net marital estate. A distributive award in the amount of $6,543.82 was required due to the $3,457.03 difference in the distribution and to award plaintiff 51.5% of the total marital estate. Defendant does not point to any particular property that the trial court failed to distribute pursuant to an in-kind distribution and we are unable to identify any such property. All of the real and personal property owned by the parties was distributed in-kind. This argument has no merit.

D. Unequal Distribution
Defendant next argues that the trial court erred in concluding that an equal division was not equitable and determining that plaintiff should receive 51.5% of the estate and defendant should receive 48.5%. Defendant was thus ordered to pay a distributive award of $6,543.82. N.C. Gen. Stat. § 50-20(c) states: "There shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably." The statute goes on to list factors which the trial court shall consider in determining that equal is not equitable, including "[a]ny direct or indirect contribution made by one spouse to help educate or develop the career potential of the other spouse"; "[a]cts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution"; and "[a]ny other factor which the court finds to be just and proper." Id. "[T]he finding of a single distributional factor by the trial court under N.C. Gen. Stat. § 50-20(c)(1) to (12) may support an unequal division." Cobb v. Cobb, 107 N.C. App. 382, 387, 420 S.E.2d 212, 215 (1992). Here, the trial court found as fact:
13. The Court further finds that Plaintiff made direct contributions to Defendant to further his education throughout the course of the marriage. Plaintiff paid the marital bills while Defendant attended three (3) different nursing programs to obtain his nursing certificate.
14. The Court also considered the acts of each party to maintain, preserve, develop, expand, or to waste, neglect, devalue, or convert, marital or divisible property or both during the period after separation and before distribution. Plaintiff serviced all of the marital debt to BB&T Home Mortgage, the North Carolina Department of Revenue and the Internal Revenue Service after the date of separation.
15. Additionally, the Court finds that Defendant has committed acts of marital waste. Defendant committed bigamy by marrying another woman in Africa while he was still married to plaintiff. Defendant had a child with his wife in Africa and diverted marital funds away from the marital estate to support his wife and child in Africa, without the knowledge and/or consent of Plaintiff.
Defendant does not contest these findings. "Because [defendant] fails to argue that the trial court's findings of fact are not supported by sufficient evidence, any such argument is deemed abandoned, and the trial court's findings of fact are binding on appeal." O'Connor v. Zelinske, 193 N.C. App. 683, 687, 668 S.E.2d 615, 617 (2008). We find no abuse of discretion in the trial court's determination that equal was not equitable in this instance.[2]

E. Hearsay
Finally, defendant argues that the trial court erred in considering hearsay testimony where plaintiff testified that the three bedroom home was worth $17,712.75 and she based that opinion on the results of an appraisal that was performed. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2009). "However, out-of-court statements offered for purposes other than to prove the truth of the matter asserted are not considered hearsay." State v. Call, 349 N.C. 382, 409, 508 S.E.2d 496, 513 (1998).
Here, the trial court allowed plaintiff to testify as to what she believed the value of the land to be and that she formed her opinion based on an appraisal she had reviewed; however, upon objection by defense counsel, the trial court declined to admit the appraisal into evidence or to consider it for the truth of the matter asserted. Defense counsel did not object to plaintiff's testimony and even stated: "I mean, I guess she can offer her own opinion." Consequently, this assignment of error has not been preserved. N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desires the court to make. . . .").
Nevertheless, we do not consider plaintiff's testimony to be hearsay. Plaintiff testified in court as to her opinion of the value of the property and was subject to cross-examination. As stated supra, we find no basis in the record for the trial court's valuation of $15,000.00 for this property. On remand, the trial court must make the necessary findings of fact to support this valuation or amend the order if required.

Conclusion
Based on the foregoing, we hold that the trial court erred in failing to make appropriate findings of fact to support its conclusions of law regarding classification of property; that the trial court failed to make the necessary findings of fact to support its valuation of the property distributed; that there was sufficient evidence to support findings regarding the value of property, with the exception of the three bedroom house valued at $15,000.00; that the trial court properly made an in-kind distribution of property; that the trial court did not err in concluding that an equal division of property was not equitable in this case; and that the trial court did not rely on inadmissible hearsay in making its findings. We reverse and remand this case for the trial court to make findings of fact regarding classification and valuation of property. The trial court may amend the distribution and distributive award as required.
Reverse and remand.
Judges CALABRIA and HUNTER, Robert N., JR. concur.
Report per Rule 30(e).
NOTES
[1] We note that the trial court's order incorrectly states that defendant received 49.5% of the net marital estate.
[2] We note that the final distribution and distributive award may be altered on remand upon proper findings of fact.