INMAN, Judge.
Robert S. Grennan ("Husband") appeals a final equitable distribution judgment and order granting a distributive award of $11,452.63 in favor of Christine M. Grennan ("Wife"). Husband contends the trial court erred in classifying and calculating the joint and survivor annuity from his plumber's pension as Wife's separate property, and denying his claim for credits from payments he made from his separate funds for taxes, homeowners dues, and insurance on real property owned by the couple after the date of separation. After careful review, we vacate the trial court's order and remand this matter.
Factual and Procedural History
Wife and Husband were married on 8 September 1984 and separated on 22 January 2014. The parties were divorced in a companion case filed in New Hanover County, North Carolina. The parties' two children are emancipated. At the time they separated, the parties jointly owned real estate including a residence located on Mariners Cove in Belville, North Carolina ("the Mariners Cove Property").
On 1 March 1972, Husband began working as a plumber and received a plumbers union pension as part of his compensation. On 22 February 1994, Husband began drawing a disability retirement pension (the "Pension") out of his plumbers union benefits. Husband has remained unemployed ever since. At trial, Husband asserted the Pension was his separate property because it qualified as a disability pension. Husband does not raise this issue on appeal.
The trial court found that 43.02% of the Pension was marital property, and that Husband had elected a 50% joint and survivor annuity for Wife when he began drawing disability retirement. The trial court found that at the date of separation, the value of the marital portion of the Pension was $89,704.90 and the value of Wife's survivor benefit from this marital portion was $9,397.48. The trial court classified Wife's survivor benefit as her separate property.
The trial court additionally found that Husband used $2,530.00 of his separate earnings to pay homeowners association dues, taxes, and insurance on, inter alia , the Mariners Cove Property following the date of separation. The trial court declined to allocate credit to Husband for these payments. The trial court made no additional findings of fact regarding the payments and made no conclusions determining whether these payments constituted marital, divisible, or separate property.
Each party sought an unequal distribution pursuant to N.C. Gen. Stat. § 50-20(c). After reviewing the evidence, the trial court found that an equal distribution of the marital and divisible property was equitable. The trial court found the value of the marital estate to be $273,696.28, Husband's in-kind distribution to be valued at $148,300.77, and Wife's in-kind distribution to be valued at $136,848.14. To achieve an equal distribution of the marital estate, the trial court ordered Husband to pay a distributive award of $11,452.63 to Wife. Husband timely appealed.
Analysis
A. Standard of Review
"The distribution of marital property is vested in the discretion of the trial courts and the exercise of that discretion will not be upset absent clear abuse." Beightol v. Beightol , 90 N.C. App. 58, 60, 367 S.E.2d 347, 348 (1988) (citation omitted). Our review of an equitable distribution award is therefore limited to the determination of whether the trial court abused its discretion. Robinson v. Robinson , 210 N.C. App. 319, 322, 707 S.E.2d 785, 789 (2011) (citations omitted). "Accordingly, the findings of fact are conclusive if they are supported by any competent evidence from the record." Beightol , 90 N.C. App. at 60, 367 S.E.2d at 348 (citation omitted).
Within an equitable distribution order, a trial court's classification of the property as either marital, separate, or divisible requires the application of legal principles and is "most appropriately considered a conclusion of law." Hunt v. Hunt , 112 N.C. App. 722, 729, 436 S.E.2d 856, 861 (1993) (citation omitted). "We will therefore review this determination as a conclusion of law de novo ." Romulus v. Romulus , 215 N.C. App. 495, 500, 715 S.E.2d 308, 312 (2011).
B. Survivor Benefit Annuity
Husband contends the trial court erred in classifying Wife's survivor benefit annuity from his Pension as Wife's separate property, and as a result, erred in its distribution of the marital property.
Equitable distribution is a three-step process. The trial court must (1) classify all assets maintained by the parties as either marital, divisible, or separate property, (2) calculate the net value of the property, and (3) distribute the property in an equitable manner. Beightol , 90 N.C. App. at 63, 367 S.E.2d at 350 (citation omitted). "The initial obligation of the trial court in any equitable distribution action is to identify the marital property in accordance with G.S. 50-20 and the appropriate case law." Cornelius v. Cornelius , 87 N.C. App. 269, 271, 360 S.E.2d 703, 704 (1987) (citing Mauser v. Mauser , 75 N.C. App. 115, 330 S.E.2d 63 (1985) ). "Marital property includes all vested and nonvested pension, retirement, and other deferred compensation rights...." N.C. Gen. Stat. § 50-20(b)(1) (2015). The classification of property " 'depend[s] upon the proof presented to the trial court of the nature' of the assets." Langston v. Richardson , 206 N.C. App. 216, 220, 696 S.E.2d 867, 871 (2010) (quoting Atkins v. Atkins , 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991) ).
"The burden of showing the property to be marital is on the party seeking to classify the asset as marital and the burden of showing the property to be separate is on the party seeking to classify the asset as separate." Atkins , 102 N.C. App. at 206, 401 S.E.2d at 787 (citations omitted). A party claiming property to be classified as marital must show by a preponderance of the evidence that the property was: (1) acquired by either or both spouses, (2) during the marriage, (3) before the date of separation, and (4) is presently owned. Id. at 201, 401 S.E.2d at 787 (citing N.C. Gen. Stat. § 50-20(b)(1) ). If this burden is met, the party claiming the property to be classified as separate must show by a preponderance of the evidence that the property was: (1) acquired by the spouse by devise, descent or gift during the marriage, (2) acquired by gift from the other spouse during the marriage if such intention is stated in the conveyance, or (3) acquired in exchange for separate property without the intention of it becoming marital property. Id. at 206, 401 S.E.2d at 787-88 (quoting N.C. Gen. Stat. § 50-20(b)(2) ).
The trial court's conclusions regarding whether property is marital, separate, or divisible must be supported by its written findings of fact. Hunt , 112 N.C. App. at 729, 436 S.E.2d at 861. The purpose of these findings is to "enable an appellate court to review the decision and test the correctness of the judgment. The fact that there is evidence in the record from which sufficient findings could be made does not excuse the error." Stone v. Stone , 181 N.C. App. 688, 693, 640 S.E.2d 826, 829 (2007) (emphasis in original) (citing Wade v. Wade , 72 N.C. App. 372, 376, 325 S.E.2d 260, 266 (1985) ). "When the findings and conclusions are inadequate, appellate review is effectively precluded." Id. at 694, 640 S.E.2d at 829 (quoting Armstrong v. Armstrong , 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988) ).
Here, Husband argues that Wife's survivor annuity benefit is derivative of the Pension, and that the trial court's classification of the Pension as marital property necessitates the survivor annuity benefit to similarly be classified as marital. We cannot determine whether the trial court's classification of the survivor benefit as separate property is correct or what the proper classification would be because the trial court failed to make findings of fact to support its classification. In order to classify the benefit as Wife's separate property, the trial court had to find that Wife acquired the Pension either (1) by devise, descent or gift during the marriage; (2) by gift from Husband during the marriage with the stated intention that it be her separate property; or (3) in exchange for separate property without the intention of the Pension becoming marital property. The trial court failed to make any findings in this regard. In the absence of necessary factual findings, regardless of the evidence in the record, appellate review is precluded and we must remand to the trial court for additional findings.
C. Mariners Cove Property and Equal Distribution
Husband next challenges the trial court's denial of his request for credit for payments he made for taxes, homeowners association dues, and insurance on the Mariners Cove Property after the date of separation and before distribution. Husband argues that such payments should have been classified as divisible property and calculated accordingly in the trial court's distribution.
In 2013, the General Assembly amended N.C. Gen. Stat. § 50-20(b)(4)(d) by adding the term "passive" to the definition of divisible property, which had the effect of excluding active increases and decreases in marital debt from divisible property. 2013 N.C. Sess. Laws ch. 103, § 1. In general, active changes in a marital estate result from changes caused by " 'financial or managerial contributions' of one of the spouses[,]" as opposed to inflation or market forces, which are deemed passive. Brackney v. Brackney , 199 N.C. App. 375, 385-86, 682 S.E.2d 401, 408 (2009) (citations omitted). Husband's payments made after the date of separation constitute an active change in the marital debt, and therefore cannot be classified as divisible property.
Even though active increases and decreases in marital debt are no longer divisible, this Court has continued to recognize that " '[a] spouse is entitled to some consideration, in an equitable distribution proceeding, for any post-separation payments made by that spouse (from non-marital or separate funds) for the benefit of the marital estate.' " Hill v. Sanderson , --- N.C. App. ----, ----, 781 S.E.2d 29, 42 (2015) (quoting Walter v. Walter , 149 N.C. App. 723, 731, 561 S.E.2d 571, 576-77 (2002) ). " 'To accommodate post-separation payments, the trial court may treat the payments as distributional factors under section 50-20(c)(11a), or provide direct credits for the benefits of the spouse making the payments.' " Id. at ----, 781, S.E.2d at 42 (quoting Walter , 149 N.C. App. at 732, 561 S.E.2d at 577 ). " 'If the property is distributed to the spouse who did not have ... post-separation use of it or who did not make post-separation payments relating to the property's maintenance (i.e. taxes, insurance, repairs), the use and/or payments must be considered as either a credit or distributional factor.' " Id. (quoting Walter , 149 N.C. App. at 732, 561 S.E.2d at 577 ). It is, however, still within the trial court's discretion to " 'weigh the equities in a particular case and find that a credit or distributional factor would be appropriate under the circumstances.' " Id. (quoting Walter , 149 N.C. App. at 732, 561 S.E.2d at 577 ).
Here, the trial court made a finding that "[Husband] used his post separation earnings to pay HOA dues, taxes and insurance on [the Mariners Cove Property] totaling $2,530.00 after DOS. Even though said property is being awarded to [Wife]...." The trial court further declined to award Husband "any credits" for these payments. While denying credits for post-separation payments by Husband was within the trial court's discretion, the trial court was then required to consider these payments as a distributional factor. See Hill , --- N.C. App. at ----, 781 S.E.2d at 42. The record is unclear as to whether the trial court took these payments into consideration as a distributional factor under N.C. Gen. Stat. § 50-20(c)(11)(a), because the trial court left blank its findings as to its consideration of the distributional factor under N.C. Gen. Stat. § 50-20(c)(11)(a).
As discussed supra , this Court cannot review an equitable distribution order in which the trial court failed to make the necessary findings and conclusions to support its award. Moreover, throughout its judgment and order, the trial court has inconsistently labeled its distribution as equal and unequal, further disrupting our review. Because the trial court has failed to make the necessary findings to enable our review, we must vacate and remand the trial court's award for additional findings.
Conclusion
Without adequate findings below, this Court is unable to provide a proper review of the trial court's conclusions of law and challenged awards. For the foregoing reasons, we vacate and remand the trial court's judgment and order for additional findings consistent with this opinion.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges DAVIS and ENOCHS concur.